## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **SILVER JACKSON,**<br><br>**PLAINTIFF,**<br><br>v.<br><br>**UNITED INDUSTRIAL WORKERS OF SEAFARES INTERNATIONAL UNION AFL-CIO,**<br><br>**DEFENDANT.** | **SX-14-CV-092**<br><br>**ACTION FOR DAMAGES FAILURE TO REPRESENT**<br><br>Cited as: 2020 VI SUPER 028 U |

<u>**Appearances:**</u>

**Eszart A Wynter, Sr., Esq.**
Law Office of Eszart A. Wynter Sr., P.C.
St. Croix, USVI
*For the Plaintiff*

**John J. Merchant, Esq.**
United Industrial Workers of the Seafares
St. Croix, USVI
*For the Defendant*

## <u>MEMORANDUM OPINION</u>

**WILLOCKS, Presiding Judge**

THIS MATTER is before the Court on Defendant United Industrial Workers of Seafares International Union AFL-CIO (hereinafter "Union") Motion for Summary Judgment (hereinafter "Motion") filed on May 18, 2016. The Plaintiff Silver Jackson (hereinafter "Plaintiff") filed an Opposition (hereinafter "Opposition") on March 1, 2017.

## BACKGROUND

According to the Complaint, on October 6, 2006, the Plaintiff began working for the Government of the Virgin Islands (hereinafter "Government") with the Department of Human Services (hereinafter "DHS"). (Compl. ¶ 6.) Sometime later the relationship between the Plaintiff and her employer began to deteriorate. As a result, on December 19, 2011, the Plaintiff was informed that her employment would be suspended for one week. (*Id.* ¶ 24.) The Union as

the exclusive bargaining representative for all Government employees, including the Plaintiff, filed a demand for arbitration due to the Plaintiff's termination. (*Id.* ¶ 10.) On June 1, 2012, the Plaintiff learned that the demand for arbitration had been withdrawn without. (*Id.* ¶ 10.) Consequently, the Plaintiff filed the present Complaint alleging that the Union breached the contract and its duty of fair representation under the Collective Bargaining Agreement (hereinafter "CBA") between the parties.

## STANDARD OF REVIEW

¶7     Motions for summary judgment are governed by Virgin Islands Rule of Civil Procedure 56.[1] A motion for summary judgment shall be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "As to materiality, only those facts that 'might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"[3]

¶8     "The moving party bears the initial burden of pointing out to the court that there is no genuine issue of material fact"—or in other words, "an absence of evidence to support the nonmoving party's case."[4] The non-moving party then has the burden of setting out specific facts showing a genuine issue for trial.[5] The court may consider the cited materials and other materials in the record.[6] But "the court may not weigh the evidence or determine the credibility of witnesses."[7] The Court "must consider the record evidence in the light most favorable to the non-moving party."[8] "The court must satisfy itself that the evidence in the summary judgment

---

[1] V.I.R. Civ. P. 56.

[2] V.I. R. Civ. P. 56(a); see *Rymer v. Kmart Corp.,* 68 V.I. LEXIS 571, 575 (V.I. 2018)("A summary judgment movant is entitled to judgment as a matter of law if the movant can demonstrate the absence of a triable issue of material fact in the record."); see also *Walters v. Walters,* 60 V.I. 768, 794 (V.I. 2014) (citations omitted); see also *Martin v. Martin,* 54 V.I. 379, 387 (2010)(citations omitted).

[3] *Rymer,* 68 V.I. LEXIS 575

[4] *Williams v. United Corp.,* 50 V.I. 191, 194 (V.I. 2008) (citations omitted).

[5] *Rymer,* 68 V.I. LEXIS 575-76

[6] V.I. R. Civ. P 56(c)(3).

[7] See *Williams,* 50 V.I. at 194-95.

[8] *Rymer,* 68 V.I. LEXIS 576

record supports this relief."[9] Summary judgment is a "drastic remedy, a court should only grant summary judgment when the 'pleadings, the discovery and disclosure materials on file, and any affidavits, show there is no genuine issue as to any material fact.'"[10]

In the Complaint, the Plaintiff alleges hybrid claims: breach of contract (Count I) and breach of fair representation. The Supreme Court of the Virgin Islands has held that in order to succeed under hybrid claims the plaintiff/employer must establish all the elements for both a breach of contract and breach of duty of fair representation.[11]

## DISCUSSION

### A. Breach of Contract

The Union claims that summary judgment is appropriate because its withdrawal of the Plaintiff's grievance did not constitute a breach of contract. According to the Union as the exclusive bargaining representative of DHS employees it has the broad discretion to decide how to pursue an employee's grievance against an employer. (Mot. at 3.) However, the Plaintiff contends that although the Union acknowledges that it abandoned the Plaintiff's grievance claims there are still genuine issues of material fact as to whether the Union failure to contact the Plaintiff prior to settling her grievance constitutes a breach of contract.

"To succeed on a breach of contract claim, a plaintiff must show that: (1) there was an agreement, (2) a duty was created by that agreement, (3) there was a breach of that duty, and (4) damages resulted."[12]

---

[9] *Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 583 (V.I. 2015).

[10] See *Rymer*, 68 V.I. LEXIS 575; see also *Martin*, 54 V.I. at 386.

[11] *Joseph*, 54 V.I. at 655; *See Grisar v. American Federation of Teachers*, 2016 V.I. LEXIS 200 at *7 (Super. Ct. V.I. Dec. 5, 2016) (citing *Gomez v. Government of Virgin Islands*, 882 F.2d 733, 737 (3d Cir. 1989) ("[A]n employee proceeding under 24 V.I.C. § 361-383 must bring both a claim against the public employer for breach of contract and a claim against the union for breach of fair representation simultaneously. The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.").

[12] *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 621 (V.I. 2017) (citing *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015)

fraudulently worked hours during time she had requested off and met with the Plaintiff multiple times during February 2012 and March 2012 to discuss the discovery received. (*Id.*)

In contrast, the Plaintiff claims that the Union's decision to withdraw her demand for arbitration regarding the Plaintiff's grievance was a breach of its duty of fair representation because it failed to pursue the Plaintiff's claim in the Superior Court. (Opp'n. at 5.) In addition, because there is a heightened duty to pursue member's constitutional rights the Union's failure to pursue such grievance is per se arbitrary and in bad faith. (*Id.*)

The Supreme Court of the Virgin Islands has held that in order to establish a claim for a breach of fair representation, the plaintiff must "pled sufficient facts to permit a plausible inference that the union acted in an arbitrary, discriminatory, or in bad faith.[14] "To establish that a union acted arbitrarily in refusing to process a grievance, an employee must show that the decision is so unreasonable that it is "without rational basis or explanation."[15]

In the present matter, the Plaintiff claims that the Union's withdrawal of her grievance was *per se* arbitrary and in bad faith. However, after considering the evidence, the Court finds that the Plaintiff has failed to prove that the Union actions were such. Despite the Plaintiff's assertions, the Union has presented evidence that the Plaintiff's claims lacked merit. Therefore, it was not only in the best interest of the Plaintiff but other Government employees that the Union representatives withdraw the grievance rather than attempt to defend conduct that is a direct violation of one's employment.[16] Furthermore, the Union's decision to discontinue the Plaintiff's grievance also does not constitute bad faith. Because the Union has broad discretion

---

[14] *Grisar v. American Federation of Teachers*, 2016 V.I. LEXIS 200 at *8 (V.I. Super. Ct. Dec. 5, 2016) (quoting *Joseph v. Bureau of Corrections*, 54 V.I. 644 at *655 (V.I. 2011)

[15] *Acota v. Hovensa, LLC*, 57 V.I. 792 at **804 (D.V.I. 2012) (citing *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998).

[16] *See Acota v. Hovensa, LLC*, 57 V.I. 792 at **805 (D.V.I. 2012) (citing *Cross v. United Auto Workers, Local 1762*, 450 F. 3d 844, 847 (8th Cir. 2006) ("A union owes a duty to all members of the bargaining unit, therefore the union has the affirmative duty not to press grievances which the union believes, in good faith, do not warrant such action.").

in determining whether to pursue an employee's grievance deciding not to continue with a grievance does not limit one's procedural right when the Union has reasonable basis. Here it is evident that the Union's decision was reasonable given the evidence it obtained during discovery. Moreover, the Union failure to inform the Plaintiff personally does not constitute bad faith as a mere oversight does not rise to a level of unreasonableness to constitute a breach of fair representation. Thus, the Plaintiff has failed to establish that the Union's decision was arbitrary or done in bad faith. Therefore, there is no genuine issue as to any material fact regarding part two of Plaintiff's hybrid claim. As a result, summary judgment in favor of the Union is appropriate, as it has established that there are no genuine issues as to any material facts regarding both hybrid claims.

## CONCLUSION

Having determined that summary judgment is appropriate as to both the claim of breach of contract and breach of fair representation, summary judgment will be granted in favor of the Union. Consequently, the Plaintiff's Complaint shall be dismissed. An order consistent with this memorandum opinion shall follow.

**DONE and so ORDERED this** ___ **day of February 2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By: _____
Court Clerk Supervisor

Dated: _____