IN THE SUPERIOR COURT



**FILED**
August 02, 2021
SX-2020-CV-00559
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **KELLERHALS FERGUSON KROBLIN PLLC,**<br><br>PLAINTIFF,<br><br>V.<br><br>**OMAR R. CINTRON A/K/A OMAR R. CINTRON NIEVES,**<br><br>DEFENDANTS. | **Civil No. SX-2020-CV-559**<br><br>**ACTION FOR BREACH OF CONTRACT**<br><br>**CITE AS: 2021 VI SUPER 82M** |

**Appearances:**
**Shari N. D'Andrade, Esq.**
**Christopher Allen Kroblin, Esq.**
Kellerhals Ferguson Kroblin PLLC
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

## MEMORANDUM OPINION AND ORDER

¶ 1     **THIS MATTER** came before the Court on Plaintiff Kellerhals Ferguson Kroblin PLLC's (hereinafter "Plaintiff" or "KFK") motion for default judgment, filed on July 12, 2021.

### BACKGROUND

¶ 2     On May 20, 2020, Plaintiff filed a complaint against Defendant Omar R. Cintron a/k/a Omar R. Cintron Nieves (hereinafter "Defendant" or "Cintron") for breach of contract. Subsequently, per the Court's permission, Defendant was served via publication. When Defendant failed to plead or otherwise defend, default was entered against Defendant on April 28, 2021.

¶ 3     On July 12, 2021, Plaintiff filed this instant motion for default judgment. The following documents were attached to Plaintiff's motion: (i) a copy of the proposed default judgment and (ii) a copy of declaration of Christopher Allen Kroblin, Esq., dated July 12, 2021 (hereinafter "Kroblin Declaration"), whereby Attorney Kroblin declared that, as of July 12, 2021, Defendant owes Plaintiff an outstanding balance in the total amount of $57,653.58 ($41,727.43 in

labor/expenses plus $15,926.15 in interest), with interest continuing to accrue at a rate of $10.28 per diem. A copy of the following exhibits were attached to the Kroblin Declaration: (i) a copy of the letter, dated August 1, 2014, from Plaintiff to Defendant, setting forth the terms of their agreement, signed by Defendant on August 19, 2014 (Exhibit A), (ii) a copy of the letter, dated May 5, 2020, from Plaintiff to Defendant, demanding payment for outstanding balance in the total amount of $44,114.12 for labor/expenses, as of May 6, 2020, with a copy of a summary of invoices for the period August 31, 2014 through August 13, 2019 attached (Exhibit B), (iii) a copy of the notice of filing proof of service by publication, filed on April 8, 2021 (Exhibit C), (iv) a copy of the entry of default order, entered on April 28, 2021 (Exhibit D), (v) a copy of the status report pursuant to Servicemembers Civil Relief Act for Omar Cintron (Exhibit E), and (vi) a copy of a summary of invoices for the period September 9, 2014 through July 1, 2021, showing that Defendant owes Plaintiff an outstanding balance in the total amount of $57,653.58 ($41,727.43 in labor/expenses plus $15,926.15 in interest) (Exhibit F). According to Plaintiff's motion, "Cintron is not an infant, incompetent person, or in the military service" and the "Status Report provided by the Department of Defense pursuant to the Servicemembers Civil Relief Act confirms that Cintron is not in the military service." (Motion, pp. 8-9; Kroblin Decl. ¶¶ 20-22.)

## STANDARD OF REVIEW

¶ 4    Rule 55 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 55") governs entry for default and default judgment. An entry of default does not necessitate a default judgment. *See Chaput v. Scafidi*, 66 V.I. 160, 188 (Super. Ct. June 14, 2017) ("Plaintiffs do not win by default just because the defendants fail to appear."). "[W]hen default is entered against a defendant, the defendant is admitting only to the allegations against him as alleged in the charging document." *Redemption Holdings, Inc. v. Gov't of the V.I.*, 65 V.I. 243, 255 (V.I. 2016) (citing *King v. Appleton*

61 V.I. 339, 346 (V.I. 2014)). In *King*, the Virgin Islands Supreme Court pointed out that "the Superior Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusion of law" and that if the Superior Court determines that the unchallenged facts constitute a legitimate cause of action, then it is "to hold a default judgment hearing to establish the amount of damages." 61 V.I. at 346 (internal quotes and citations omitted) (footnote omitted). However, a default judgment can be entered without a hearing "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." *Appleton v. Harrigan*, 61 V.I. 262, 270 (V.I. 2014) (citing Super. Ct. R. 48(a)(1));[1] *see* V.I. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."). In *Harrigan*, the Virgin Islands Supreme Court explained that "[a] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." 61 V.I. at 270. "In all other cases [not involving a claim for a

---

[1] The *Harrigan* court noted:

> "We again look to federal case law for persuasive authority because, even though Superior Court Rule 48 exclusively governs default judgment in the Superior Court, Federal Rule of Civil Procedure 55(b) similarly provides that default judgment can be entered without a hearing only where the damages sought are a "sum certain." SUPER. CT. R. 48(a)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, ... the clerk upon request of the plaintiff ... shall enter judgment for the net amount due and costs against the defendant."); FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk ... must enter judgment for that amount and costs against a defendant.").")

> 61 V.I. at 270 n. 9.

Since *Harrigan*, the Virgin Islands Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017. Subsequently, Superior Court Rule 48 was repealed on April 7, 2017 by Supreme Court Promulgation Order No. 2017-0006. While Superior Court Rule 48 has been repealed and the Federal Rules of Civil Procedure does not apply in this matter, the Court nevertheless finds the *Harrigan* court's analysis as to sum certain claims helpful here since Rule 55(b)(1) closely mirrors its federal counterpart and Superior Court Rule 48.

sum certain], the party must apply to the court for a default... The court may conduct hearings or make referrals -- preserving any statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." V.I. R. Civ. P. 55(b)(2).

## DISCUSSION

¶ 5    In his motion, Plaintiff argued that the Court "should enter default judgment in this case and an award if attorneys' fees and costs incurred in litigating this matter." (Motion, p. 10.) Plaintiff made the following allegation in support of its argument: (i) "As of July 12, 2021 Cintron owe KFK...$41,727.43...plus interest in the amount of...$15,926.15..., which continues to accrue at a rate of...$10.28...per diem, plus attorneys' fees and costs." (Id., at p. 2); (ii) Plaintiff "has established a cause of action for breach of contract against Cintron"—to wit, "the parties had a valid contract that imposed a duty on Cintron to timely pay KFK's fees," [d]espite Cintron's obligation and KFK's demands, Cintron failed to pay KFK's fees as agreed," and "[c]onsequently, KFK has suffered and continues to suffer damages." (Id., at p. 7); and (iii) Plaintiff is entitled to attorneys' fees and costs under Title 5 V.I.C. § 541.

### I.    Whether Plaintiff is Entitled to a Judgment by Default

¶ 6    In its complaint, Plaintiff alleged the following cause of action against Defendant: breach of contract. In *Phillip v. Marsh-Monsanto*, the Virgin Islands Supreme Court conducted a *Banks* analysis and determined that to establish a breach of contract claim, the plaintiff "was required to demonstrate: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." 66 V.I. 612, 621 (V.I. 2017) (citing *Brouillard v. DLJ Mortgage Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015) (citing *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 135 (V.I.

2009)). "A contract may be 'express, implied-in-fact, or implied-in-law.'" *Turnbull v. Turnbull*, 71 V.I. 96, 105 (Super. Ct. July 15, 2019) (citing *Peppertree Terrace v. Williams*, 52 V.I. 225, 241 (V.I. 2009) (Swan, concurring)). "An express contract is memorialized 'in oral or written words,' and an implied-in-fact contract is 'inferred wholly or partially by conduct.'" *Id.* (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)); *see also, Whyte v. Bockino*, 69 V.I. 749, 764 (V.I. 2018) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)). An enforceable contract requires "an offer, acceptance, a bargained-for legal benefit or detriment, commonly known as consideration, and a manifestation of mutual assent." *Williams v. Univ. of the V.I.*, 2019 V.I. LEXIS 2, *4 (Super. Ct. Jan. 18, 2019) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)); *see also, Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 820 (V.I. 2017) ("[A] contract is only formed or modified to the extent there is mutual assent and mutual consideration."). "A manifestation of mutual assent or a meeting of the minds requires that the two parties that intend to form a contract are in agreement to the same terms and must be proven objectively." *Univ. of the V.I.*, 2019 V.I. LEXIS 2 at *4; *Smith v. McLaughlin*, 2019 V.I. LEXIS 180, *7 (Super. Ct. Oct. 22, 2019).

¶ 7    The Court will first determine whether the unchallenged facts, as alleged in Plaintiff's complaint, constitute a legitimate cause of action. Plaintiff made the following allegations in its complaint:

> 5. On August 1, 2014, Cintron engaged the legal services of KFK for the purpose of representing Defendant in a business dispute.
> 6. KFK represented Cintron beginning in August 2014 and continued to represent Defendant through the middle of 2017.
> 7. Pursuant to the parties' written agreement (the "Agreement"), Cintron agreed to promptly pay KFK's fees in accordance with the terms of the Agreement.
> 8. The Agreement further provides that statements for services rendered and expenditures made by KFK would be sent to Cintron each month, and that the amounts set forth in the statements are due within thirty (30) days after the date the statement is mailed.

9. KFK is entitled to costs including attorneys' fees, for collection of its fees, and interest at a rate of nine percent (9%) per annum on all outstanding amounts not paid within thirty (30) days of the statement date pursuant to the Agreement.

10. The Agreement is expressly governed by the law of the U.S. Virgin Islands, and the parties agreed to submit to the exclusive jurisdiction of the courts of the U.S. Virgin Islands with respect to any issue arising out of the Agreement.

11. Despite KFK's submission of monthly invoices and demands, Cintron has defaulted on his obligations under the Agreement by failing to submit payment.

12. On May 7, 2020, KFK sent Cintron a demand letter, requesting full payment of past due invoices by May 18, 2020.

13. Despite KFK's demand, to date, Cintron has not submitted any payment whatsoever.

COUNT I: BREACH OF CONTRACT

14. Plaintiff restates and re alleges the foregoing paragraphs as if fully set forth herein.

15. KFK and Cintron are parties to an enforceable contract.

16. KFK fully performed under the parties' contract by providing Cintron with legal professional services.

17. Under the parties' Agreement, Cintron was required to pay KFK's fees and expenses for services rendered.

18. Cintron expressly breached his obligations under the Agreement by failing to pay for the legal services rendered.

19. As a direct and proximate cause of Cintron's actions, KFK suffered, and continues to suffer, damages, including incidental and consequential damages.

WHEREFORE, KFK respectfully prays for the following:

a. Judgment declaring that Cintron is in default under the terms of the Agreement and KFK is entitled to exercise all rights under the Agreement,

b. Judgment declaring the amount of outstanding fees due under the Agreement including interest at the legal rate on such fees from the due date thereof, together with all expenses, including attorneys' fees and costs,

c. Judgement awarding KFK all pre and post judgment interest to which it is entitled; and

d. Judgment awarding KFK such additional and further relief as this Court deems just and equitable.

(Compl.)

¶ 8    Based on the unchallenged facts, the Court finds that Defendant and Plaintiff entered into an agreement on August 1, 2014, whereby Plaintiff agreed to render legal services to Defendant at agreed upon rates and Defendant agreed to pay Plaintiff for the services rendered at the agreed upon rates, Plaintiff rendered legal services as agreed upon (hereinafter "Agreement"), Defendant had a duty to pay Plaintiff for the services rendered, Defendant breached its duty when he failed

to pay Plaintiff, and Plaintiff sustained damages as a result of Defendant's breach. Thus, the Court concludes that the unchallenged facts constitute a legitimate cause of action for breach of contract under Virgin Islands law. Accordingly, the Court will grant Plaintiff's motion for default judgment as to the issue of liability.

¶ 9    The Court will next determine whether a hearing is necessary to establish the amount of damages. Based on the Kroblin Declaration and the exhibits attached thereto, there is a discrepancy as to the outstanding balance owed by Defendant in labor/expenses—to wit, according to the Kroblin Declaration and Exhibit F, as of July 12, 2021, Defendant owes Plaintiff $41,727.43 in labor/expenses, but according to Exhibit B, as of May 6, 2020, Defendant owes Plaintiff $44,114.12 in labor/expenses.[2] Furthermore, Plaintiff failed to provide any evidence showing that Defendant was charged according to the agreed upon rates for the services rendered. The invoices provided by Plaintiff—Exhibit B and Exhibit F—were only a summary of invoices and did not include the legal rates charged. Based on the foregoing, the Court cannot determine whether Plaintiff's claim for the total amount Defendant owes Plaintiff under the Agreement qualifies as a sum certain. *See Harrigan*, 61 V.I. at 270 ("[a] claim is not a sum certain unless there is no doubt as to the amount to which [Plaintiff] is entitled as a result of [Defendant's] default."). Thus, the Court cannot conclude whether a hearing is necessary to establish the amount of damages in this matter. At this time, the Court will give Plaintiff an opportunity to file supplemental filings to remedy the deficiencies and reserve ruling on Plaintiff's motion for default judgment as to the issue of damages.

---

[2] The discrepancy may be due to: (i) Exhibit B indicated that Invoice #31317 was paid in full in the amount of $1796.49 and that Invoice #31629 is partially paid in the amount of $703.51, but Exhibit F did not indicate such payments in the calculation, (ii) Exhibit B included the following invoices which were not included in Exhibit F: Invoice #45098, Invoice #45385, Invoice #46085, Invoice #47747, and Invoice #48650, and/or (iii) Exhibit F included the following invoices which were not included in Exhibit B: Invoice #55173 and Invoice #55172.

## II. Whether Plaintiff is Entitled to Pre-judgment Interest and Post-judgment Interest

¶ 10    Plaintiff requested pre-judgement interest and post-judgment interest as part of the relief in its complaint and its motion for default judgment.

### A. Pre-judgment Interest

¶ 11    Plaintiff argued in its motion for default judgment that: (i) it is entitled to "interest at the rate of nine percent (9%) per annum on all outstanding amounts not paid within thirty (30) days after the statement is mailed pursuant to the Agreement," (ii) Defendant owes Plaintiff interest in the amount of $15,926.15, and (iii) that interest continues to accrue at a rate of $10.28 per diem. (Motion, p. 2)

¶ 12    The Agreement provided, in relevant part: "You understand and agree that the Firm[3] reserves the right to include interest at the rate of nine percent (9%) per annum on all outstanding amounts not paid within thirty (30) days from the date of the statement." (Exhibit A.) Given that this is a term that Plaintiff and Defendant had agreed to in their Agreement, the Court finds that an award of pre-judgment interest on all outstanding amounts not paid within thirty (30) days from the date of the statement is appropriate here. *See Williams v. Edwards*, 2017 V.I. LEXIS 105, at *6 (Super. Ct. July 12, 2017) (quoting *Isaac v. Crichlow*, 63 V.I. 38, 69 (Super. Ct. Feb. 10, 2015) ("The grant or denial of prejudgment interest remains within the sound discretion of the trial court."). Accordingly, the Court will grant Plaintiff's motion for default judgment as to the issue of pre-judgment interest. Pre-judgment interest will be calculated at the rate of 9% per annum on the outstanding amount, as determined by the Court pending receipt of Plaintiff's supplemental

---

[3] In the Agreement, the "Firm" is defined as Kellerhals Ferguson Kroblin PLLC.

filings, not paid within thirty (30) days from the date of the statement until the date of the entry of the judgment in this matter (hereinafter "Judgment").[4]

### B. Post-judgment Interest

¶ 13    Title 5 V.I.C. § 426 governs the application of post-judgment interest. Title 5 V.I.C. § 426(a) states that "[t]he rate of interest on judgments and decrees for the payment of money shall be 4 percent per annum." Title 5 V.I.C. §426(a). In *Christian v. Joseph*, the Third Circuit, while sitting as the *de facto* court of last resort for the Virgin Islands, held that Title 5 V.I.C. § 426 "provides for automatic accrual of post-judgment interest."[5] 29 V.I. 404, 408 (3d Cir. 1993). Accordingly, the Court will grant Plaintiff's motion for default judgment as to the issue of post-judgment interest. Post-judgment interest will accrue at the rate of 4% per annum on the outstanding amount, as determined by the Court pending receipt of Plaintiff's supplemental filings, commencing on the date of the entry of the Judgment until the date the Judgment is satisfied.

### III. Whether Plaintiff is Entitled to Costs

¶ 14    Although Plaintiff did not file a separate motion for costs and fees, Plaintiff's motion for default judgment requested costs and fees pursuant to Title 5 V.I.C. § 541 as part of the relief. However, Plaintiff failed to provide any evidence supporting its request for costs and fees. At this time, the Court will deny without prejudice Plaintiff's motion for default judgment as to the issue

---

[4] As noted above, there is a discrepancy as to the outstanding balance owed by Defendant in labor/expenses. Thus, the Court will not rely on the amount of outstanding interest ($15,926.15) or the per diem rate ($10.28 per diem) provided in Plaintiff's motion.

[5] The Third Circuit's decision construing a Virgin Islands statute in *Christian* is binding on the Superior Court. *See Najawicz v. People of the V.I.*, 58 V.I. 315, 328 (2013) ("In fact, every other Third Circuit decision which we have characterized as being binding on the Superior Court can be traced to a case where the Third Circuit had exercised its power as the final arbiter of Virgin Islands local law."); *see also Government of the Virgin Islands v. Connor*, 60 V.I. 597, 606 n. 1 (V.I. 2014) (citation omitted) ("Superior Court should treat decisions of the United States Court of Appeals for the Third Circuit... as binding precedent with respect to issues of local law.").

of costs and fees and order Plaintiff to file a separate motion, with proper briefing and supporting documents, if it wishes to move the Court for costs and fees.

## CONCLUSION

¶ 15    Based on the foregoing, the Court will grant Plaintiff's motion for default judgment as to the issue of liability, grant Plaintiff leave to file supplemental filings to remedy the deficiencies noted above, reserve ruling on Plaintiff's motion for default judgment as to the issue of damages pending receipt of Plaintiff's supplemental filings, grant Plaintiff's motion for default judgment as to the issue of pre-judgment interest and post-judgment interest, deny without prejudice Plaintiff's motion for default judgment as to the issue of costs and fees, and reserve entering Judgment until the Court has ruled on the issue of damages. Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion for default judgment as to the issue of liability for Plaintiff's breach of contract claim is **GRANTED**. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall remedy the deficiencies noted above by supplementing its motion for default judgment with: (i) evidence showing the total amount Defendant owes Plaintiff under the Agreement and (ii) evidence showing that Defendant was charged according to the agreed upon rates for the services rendered, and/or affidavit stating such. The Court will reserve ruling on Plaintiff's motion for default judgment as to the issue of damages pending receipt of Plaintiff's supplemental filings. It is further:

**ORDERED** that Plaintiff's motion for default judgment as to the issue of pre-judgment interest is **GRANTED**. Pre-judgment interest shall be calculated at the rate of 9% per annum on the outstanding amount, as determined by the Court pending receipt of Plaintiff's supplemental

filings, not paid within thirty (30) days from the date of the statement until the date of the entry of the Judgment. It is further:

**ORDERED** that Plaintiff's motion for default judgment as to the issue of post-judgment interest is **GRANTED**. Post-judgment interest shall accrue at the rate of 4% per annum on the outstanding amount, as determined by the Court pending receipt of Plaintiff's supplemental filings, commencing on the date of the entry of the Judgment until the date the Judgment is satisfied. **And** it is further:

**ORDERED** that Plaintiff's motion for default judgment as to the issue of costs and fees is **DENIED WITHOUT PREJUDICE**. Plaintiff shall file a separate motion, with proper briefing and supporting documents, if it wishes to move the Court for costs and fees.

**DONE and so ORDERED** this 2nd day of Aug, 2021.

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Superviser II

Dated: Aug 2, 2021

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**