IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 29, 2022 10:28 AM
SX-2018-CV-00283
**TAMARA CHARLES**
**CLERK OF THE COURT**



## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **ST. CROIX FINANCIAL CENTER, INC.,** | **Civil No. SX-18-CV-283** |
| PLAINTIFF, | **ACTION FOR FRAUD, BREACH OF CONTRACT AND DEBT** |
| V. | |
| **JACKSTAR, INC. AND JEFF LACROIX,** | **JURY TRIAL DEMANDED** |
| DEFENDANTS. | **CITE AS: 2022 VI SUPER 40** |

**Appearances:**
**Lisa Michelle Komives, Esq.**
**Dudley Newman Feuerzeig LLP**
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

**Jeff LaCroix**
*Pro Se*[1]

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** came before the Court on Plaintiff St. Croix Financial Center, Inc.'s (hereinafter "Plaintiff") renewed motion for summary judgment, filed on July 9, 2021. As of the date of this Memorandum Opinion, no opposition has been filed in response.

---

[1] At the March 10, 2022 hearing, the Court granted Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel. *See infra*, footnote 4. Thus, Defendant Jeff LaCroix is proceeding in this matter as a pro se litigant. Defendant Jackstar, Inc., on the other hand, is a corporation and not a natural person, so it cannot adopt pro se status and proceed as a pro se litigant. *See Lettsome v. VI Sea Trans*, 52 V.I. 109, 112 (V.I. Super. Ct. Aug. 7, 2009) ("Generally, corporations who are parties in civil litigation must be represented by attorneys."). Additionally, Defendant Jeff LaCroix is not licensed to practice law in the U.S. Virgin Islands, he cannot appear in this matter on behalf of Defendant Jackstar, Inc. *See* Title 4 V.I.C. § 443(a) ("...the unauthorized practice of law shall be deemed to mean the doing of any act by a person who is not a member in good standing of the Virgin Islands Bar Association for another person usually done by attorneys-at-law in the course of their profession, and shall include but not be limited to ... the appearance, acting as the attorney-at-law, or representative of [a] corporation, before any court. ...").

## BACKGROUND[2]

¶ 2    On August 6, 2018, Plaintiff filed a verified complaint against Defendant Jackstar, Inc.

(hereinafter "Jackstar") and Defendant Jeff LaCroix (hereinafter "LaCroix" and together with

Defendant Jackstar, "Defendants") in connection with a lease agreement and a personal guaranty

for the building located at Parcel No. 2 of Estate Southgate, St. Croix U.S. Virgin Islands

(hereinafter "Leased Premises"). In the verified complaint, Plaintiff alleged the following counts:

Count I-breach of contract (against Defendant Jackstar), Count II-debt (against Defendant

LaCroix), and Count III-fraud (against Defendant LaCroix);[3] Plaintiff requested the following

---

[2] Because the background was recounted in substantial detail in the memorandum opinion and order entered on December 5, 2021, the Court will only briefly recount the relevant background here.

[3] In its complaint, Plaintiff alleged:

COUNT I - BREACH OF CONTRACT

...

28. Jackstar entered into a Lease contract with SCFC, comprising the Lease Agreement and the First Amendment to Lease.

29. Jackstar breached the terms of the underlying Lease contract by among other things, failing to pay rent and other amounts due to SCFC.

30. SCFC was damaged by Jackstar's breaches of the Lease in the amount of $186,268 72, plus attorneys' fees incurred as a result of the breaches.

COUNT II - DEBT

...

32. Jackstar owes SCFC under the Lease of $186,268 72 plus attorneys' fees.

33. Under the Guaranty, LaCroix is the guarantor of Jackstar's obligations under the Lease.

34. Jackstar has failed to pay SCFC the amounts due under the Lease.

35. As a result of Jackstar's failure to pay, LaCroix is obligated as Guarantor to pay SCFC the amounts owed under the Lease.

COUNT III - FRAUD

...

37. LaCroix made numerous representations to SCFC that he and Jackstar would fulfill their obligations under the Lease.

38. LaCroix intentionally made the representations with the knowledge that they were false, and intended that SCFC rely on them and refrain from taking legal action against him and Jackstar.

39. LaCroix had no intention of complying with his obligations under the Lease.

40. In reliance on LaCroix's representations, SCFC refrained from taking legal action against the Defendants to enforce the Lease or otherwise to protect its interests.

41. SCFC has information that justifies the belief that LaCroix has the financial wherewithal, through other business dealings to pay for Jackstar's Lease obligations, but is using the time he has gained through his misrepresentations to transfer those funds or otherwise deplete them so that they cannot be seized or used to fulfill a judgment against Jackstar or him for the obligations under the Lease.

relief: (i) $145,190.84 in unpaid rent, additional rent, utilities and other charges; (ii) $26,135.98 in interest on all unpaid amounts, including accrual through the date of judgment; (iii) $14,941.90 in late fees for unpaid amounts, including accrual through the date of judgment; (iv) reasonable costs and attorney's fees from April 30, 2019 through the date judgment is rendered; (v) pre-judgment and post-judgment interest on all amounts awarded; and (vi) all other and further legal and equitable relief appropriate in the premises.

¶ 3     Thereafter, Dwayne Henry, Esq. filed a notice of appearance for Defendants and filed an answer in response to Plaintiff's verified complaint.

¶ 4     Subsequently, the parties proceeded with the discovery process. On June 21, 2019, Plaintiff propounded, inter alia, Plaintiff's first set of requests for admissions to Defendant Jackstar and Plaintiff's first set of requests for admissions to Defendant LaCroix.

¶ 5     On July 9, 2021, Plaintiff filed a renewed motion for summary judgment.

¶ 6     On December 5, 2021, the Court entered a memorandum opinion and order (hereinafter "December 5, 2021 Order") whereby the Court ordered, inter alia, that (i) **within twenty (20) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall **SERVE** a copy of its July 9, 2021 renewed motion for summary judgment on Defendants, with the method of service in compliance with the Virgin Islands Rules of Civil Procedure, and **FILE THE PROOFS OF SERVICE** thereto"; (ii) "**within twenty (20) days from the date of entry of this Memorandum Opinion and Order**, Dwayne Henry, Esq. shall **SERVE** a copy of the July 6,

---

42. As a result of its forbearance from enforcing its rights under the Lease in reliance on LaCroix 5 false representations, SCFC suffered damages including the inability to lease the Property to another tenant the inability to collect on a judgment against LaCroix caused by the transfer or depletion of LaCroix's funds that would otherwise be available to satisfy a judgment in this action.

(Compl.)

2020 order and a copy of this Memorandum Opinion and Order on Defendants, with the method of service in compliance with the Virgin Islands Rules of Civil Procedure, and **FILE THE PROOFS OF SERVICE** thereto [and] Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel for defendants, is **GRANTED UPON FILING PROOF OF SERVICE** for the aforementioned documents [and] u]ntil Dwayne Henry, Esq. files the proof of service for the aforementioned documents, Dwayne Henry, Esq. remains the counsel of record for Defendants unless Defendants advises the Court that they retained new counsel";[4] and (iii) **"within forty-five (45) days from the date of service of a copy of the July 6, 2020 order, a copy of this Memorandum Opinion and Order, and a copy of July 9, 2021 renewed motion for summary judgment, whichever date is later**, Defendants **MAY** file a response or retain new counsel to file a response on their behalf to Plaintiff's July 9, 2021 renewed motion for summary judgment [and] [t]he parties are notified that the Court will rule on Plaintiff's July 9, 2021 renewed motion for summary judgment with or without a response from Defendants unless the circumstances then require otherwise." (Dec. 5, 2021 Order) (emphasis in original.)

---

[4] On March 4, 2020, Dwayne Henry, Esq. filed a motion to be relieved as counsel for Defendants.

On July 6, 2020, the Court entered an order whereby the Court ordered that "that Dwayne Henry, Esq 's motion to be relieved as counsel for defendants, is GRANTED upon filing proof of service," "that this matter shall be stayed for a period of forty five (45) days to allow Defendants an opportunity to retain new counsel, and so advise the Court by filing a notice," and "that Dwyane Henry, Esq serve a copy of this Order on defendants and file proof of service of same with the Court, within twenty (20) days." (July 6, 2020 Order) (emphasis in original.)

In the December 5, 2021 Order, the Court explained:

> The record does not reflect that the proofs of service for Defendants were ever filed by Dwayne Henry, Esq. as ordered by the July 6, 2020 order. Thus, Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel was never granted. *See* July 6, 2020 order ("Dwayne Henry, Esq.'s motion to be relieved as counsel for defendants, is GRANTED upon filing proof of service"). As such, as of the date of this Order, Dwayne Henry, Esq. is still the counsel of record for Defendants.

(Dec. 5, 2021 Order, ¶ 23.)

¶ 7     On December 28, 2021, Plaintiff filed an informational notice advising the Court that a copy of its July 9, 2021 renewed motion for summary judgment was served upon Defendants in compliance with the December 5, 2021 Order.

¶ 8     On March 10, 2022, this matter came before the Court for a status conference hearing. Lisa Komives, Esq. appeared on behalf of Plaintiff and Dwayne Henry, Esq. appeared on behalf of Defendants. At the hearing, Dwayne Henry, Esq. advised the Court that he has not had any communication with Defendants for a couple of years. Lisa Komives, Esq. advised the Court that she was able to serve a copy of Plaintiff's July 9, 2021 renewed motion for summary judgment upon Defendants in compliance with the December 5, 2021 Order. After some inquiry regarding Dwayne Henry, Esq.'s attempts to contact Defendants, the Court found that Defendants were evading service and granted Dwayne Henry, Esq.'s March 4, 2020 motion to be relieved as counsel.

¶ 9     As of the date of this Memorandum Opinion, Defendants have not filed anything in response to Plaintiff's July 9, 2021 renewed motion for summary judgment.

## STANDARD OF REVIEW

¶ 10    Rule 56 of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 56") governs motions for summary judgment and sets forth the procedures thereto. Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought" and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I. R. CIV. P. 56; *see also Rymer v. Kmart Corp.,* 68 V.I. 571, 575 (V.I. 2018) ("A summary judgment movant is entitled to judgment as a matter of law if the movant can demonstrate the absence of a triable issue of material fact in the record."). "A factual dispute

is deemed genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]'" and a fact is material only where it "might affect the outcome of the suit under the governing law[.]" *Todman v. Hicks,* 70 V.I. 430, 436 (V.I. Super. Ct. April 17, 2019)(quoting *Williams v. United Corp.,* 50 V.I. 191, 194 (V.I. 2008)). The reviewing court must view all inferences from the evidence in the light most favorable to the nonmoving party, and take the nonmoving party's conflicting allegations as true if properly supported. *Kennedy Funding, Inc. v. GB Properties, Ltd.,* 2020 V.I. 5, ¶14 (V.I. 2020). "The movant may discharge this burden simply by pointing out to the ... court that there is an absence of evidence to support the nonmoving party's case." *Id.* (internal quotation marks and citation omitted). Once the moving party meets this burden, "the non-moving party then has the burden of set[ting] out specific facts showing a genuine issue for trial." *Id.* (internal quotation marks and citation omitted). The non-moving party "may not rest upon mere allegations, [but] must present actual evidence showing a genuine issue for trial." *Rymer,* 68 V.I. at 576 (quoting *Williams v. United Corp.,* 50 V.I. 191, 194 (V.I. 2008)). "Such evidence may be direct or circumstantial, but the mere possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find it probably happened that way." *Kennedy,* 2020 V.I. 5, ¶14. Moreover, the court "should not weigh the evidence, make credibility determinations, or draw 'legitimate inferences' from the facts when ruling upon summary judgment motions because these are the functions of the jury." *Todman,* 70 V.I. at 437 (quoting *Williams,* 50 V.I. at 197); *see Kennedy,* 2020 V.I. 5, ¶14; *see also, Rymer,* 68 V.I. at 577 ("When considering a summary judgment motion, a trial judge may not weigh the credibility of evidence or witnesses."). In deciding a motion for summary judgment, the court's role "is not to determine the truth, but rather to determine whether a factual dispute exists that warrants trial on the merits." *Todman,* 70 V.I. at 437 (citations omitted); *see Kennedy,* 2020 V.I. 5, ¶14 (noting that

the court "decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party"). Accordingly, "if a credibility determination is necessary as to the existence of a material fact, a grant of summary judgment would be improper." *Rymer*, 68 V.I. at 577. Because summary judgment is "[a] drastic remedy, a court should only grant summary judgment when the 'pleadings, the discovery and disclosure materials on file, and any affidavits, show there is no genuine issue as to any material fact.'" *Rymer*, 68 V.I. at 575-76 (quoting *Williams*, 50 V.I. at 194). The Court is required to "state on the record the reasons for granting or denying the motion." V.I. R. CIV. P. 56(a).

## DISCUSSION

¶ 11    In its motion, Plaintiff argued that Defendant Jackstar breached the Lease Agreement (as defined below) and Defendant LaCroix breached the Guaranty (as defined below), and therefore, it is entitled to summary judgment in its favor and against Defendants, jointly and severally. Plaintiff claimed that the following material facts are undisputed: (i) On April 15, 2015, Defendant Jackstar, as lessee, and Plaintiff, as lessor, executed a lease agreement in connection with the Lease Premises commencing on April 15, 2015 and expiring on April 30, 2018 (hereinafter "2015 Lease"); (ii) On April 15, 2015, Defendant LaCroix, as guarantor, executed a personal guaranty whereby he unconditionally guarantees the performance of all of Defendant Jackstar's obligations to Plaintiff under the Lease (hereinafter "Guaranty"); (iii) On January 1, 2016, Defendant Jackstar and Plaintiff entered into a first amendment to the Lease but it did not alter the terms of the 2015 Lease (hereinafter "2016 Amendment" and together with the 2015 Lease, "Lease Agreement"); (iv) Defendant LaCroix consented to the 2016 Amendment and agreed that the Guaranty remained in full force and effect with respect to the Lease Agreement; (v) In or about September 2017, Defendant "Jackstar abandoned the Leased Premises, and ceased operating a restaurant and bar

business therein"; (vi) Plaintiff "at all times fulfilled all of its obligations under the Lease [Agreement]"; (vii) Under the Lease Agreement, Defendant Jackstar "was obligated to pay during the Lease term ending on April 30, 2018 Minimum Rent and Additional Rent, late charges in the event rent was not paid on time, utilities for the property, interest on all amounts not paid when due, and any attorneys' fees incurred by [Plaintiff] resulting from [Defendant] Jackstar's failure to pay rent or other amounts due under the Lease [Agreement]"; (viii) "As of July 1, 2021, [Defendant] Jackstar has failed to pay a total of...$275,569.84... due under the Lease [Agreement]"; (ix) "[A]s of July 6, 2021, [Plaintiff] has incurred attorneys' fees as a result of [Defendant] Jackstar's failure to pay the amounts due under the Lease in the amount of...$21,274.00..."; and (x) Defendant "LaCroix has failed to pay the amounts due and owing from [Defendant] Jackstar under the Lease [Agreement]." (Plaintiff's Statement of Undisputed Facts.) A copy of the following documents were attached to Plaintiff's July 9, 2021 motion as exhibits: Exhibit A-Defendants' answer to Plaintiff's complaint; (ii) Exhibit B-Plaintiff's first set of requests for admission to Defendant Jackstar, dated June 21, 2019; (iii) Exhibit C-Plaintiff's first set of requests for admission to Defendant LaCroix, dated June 21, 2019; and (iv) Exhibit D-Affidavit of Kevin M. Brandt, president of Plaintiff, dated July 7, 2021, the 2015 Lease, the Guaranty, and the 2016 Amendment.

### A. Count I-Breach of Contract (against Defendant Jackstar)

¶ 12     In *Phillip v. Marsh-Monsanto*, the Virgin Islands Supreme Court conducted a *Banks* analysis and determined that to establish a breach of contract claim, the plaintiff "was required to demonstrate: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." 66 V.I. 612, 621 (V.I. 2017) (citing *Brouillard v. DLJ Mortgage Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015) (citing *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 135 (V.I.

2009)). "A contract may be 'express, implied-in-fact, or implied-in-law.'" *Turnbull v. Turnbull*, 71 V.I. 96, 105 (Super. Ct. July 15, 2019) (citing *Peppertree Terrace v. Williams*, 52 V.I. 225, 241 (V.I. 2009) (Swan, concurring)). "An express contract is memorialized 'in oral or written words,' and an implied-in-fact contract is 'inferred wholly or partially by conduct.'" *Id.* (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)); *see also, Whyte v. Bockino*, 69 V.I. 749, 764 (V.I. 2018) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)). An enforceable contract requires "an offer, acceptance, a bargained-for legal benefit or detriment, commonly known as consideration, and a manifestation of mutual assent." *Williams v. Univ. of the V.I.*, 2019 V.I. LEXIS 2, *4 (Super. Ct. Jan. 18, 2019) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)); *see also, Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 820 (V.I. 2017) ("[A] contract is only formed or modified to the extent there is mutual assent and mutual consideration."). "A manifestation of mutual assent or a meeting of the minds requires that the two parties that intend to form a contract are in agreement to the same terms and must be proven objectively." *Univ. of the V.I.*, 2019 V.I. LEXIS 2 at *4; *Smith v. McLaughlin*, 2019 V.I. LEXIS 180, *7 (Super. Ct. Oct. 22, 2019).

¶ 13    In this instance, the Court finds that Plaintiff satisfied its burden of establishing that there is no genuine dispute as to any material fact regarding the facts supporting each element of the breach of contract claim. Plaintiff established the existence of an agreement between Plaintiff and Defendant Jackstar. (Defendants' Answer ¶¶ 7, 9; Plaintiff's first set of requests for admissions to Defendant Jackstar, Requests 3, 7;[5] Brandt Aff. ¶¶ 3, 6.) A copy of the Lease Agreement is a part

---

[5] Rule 36 of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 36") permits a party to serve on any other party written requests for admissions, V.I. R. CIV. P. 36(a), and "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." V.I. R. CIV. P. 36(a)(3). "A matter admitted under this [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

of the record. Under the Lease Agreement, Defendant Jackstar was required to pay the following

during the term of the Lease Agreement, commencing on April 15, 2015 and expiring on April 30,

2018: monthly minimum rent plus additional rent, which includes "all other sums of money or

charges of whatsoever nature required to be paid by Tenant to Landlord under this [2015 Lease]."

(2015 Lease; 2016 Amendment; Plaintiff's first set of requests for admissions to Defendant

Jackstar, Requests 11-22, 26-27;[6] Brandt Aff. ¶ 11.) Thus, the Lease Agreement created a duty for

Defendant Jackstar to make payments to Plaintiff. Defendant Jackstar breached this duty when it

failed to make payments to Plaintiff as required under the Lease Agreement. (Plaintiff's first set

of requests for admissions to Defendant Jackstar, Requests 25, 28, 59-62, 65-67, 71-74;[7] Brandt

Aff. ¶¶ 11-12.) As a result of this breach, Plaintiff suffered damages in the total amount of

---

V.I. R. Civ. P. 36(b). However, "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Id. Furthermore, "[w]hile Rule 36 allows a party to request an admission of 'the application of law to fact,' requests for purely legal conclusions are not permitted under Rule 36 ... because it could lead to parties stipulating to the law." *Watson v. Gov't of the Virgin Islands*, 2017 V.I. LEXIS 43, *10-12 (Super. Ct. March 7, 2017); *see Matthew v. Herman*, 56 V.I. 674, 682 (V.I. 2012) ("parties cannot stipulate to the law, especially in a situation…where the decision may impact other pending or future cases"); *see also, Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 2016 V.I. LEXIS 21, *54 ("the parties cannot stipulate to the law, not explicitly by agreeing on the applicable law, or implicitly by not questioning what law applies") (internal quotation marks and citations omitted).

Here, based on the record, Plaintiff propounded Plaintiff's first set of requests for admissions to Defendant Jackstar on June 21, 2019 and Plaintiff's first set of requests for admissions to Defendant LaCroix on June 21, 2019, and to date, Defendants have not served their responses thereto. Under Rule 36(a)(3), matters contained in Plaintiff's requests for admissions—provided that the requests fall within the scope of Rule 36(a)(1)—were automatically deemed admitted since more than thirty days have passed after Defendants were served and Defendants have not responded with written answers or objections. *See* V.I. R. Civ. P. 36(a)(3). As such, the Court must review the requests for admissions and make a finding as to which requests fall within the scope of Rule 36(a)(1). *See Watson*, 2017 V.I. LEXIS 43 at *12 ("Thus, when the Court granted Plaintiff's motions to deem facts admitted against Defendant Governor and Defendant GVI, the Court should have specified in its orders, entered on July 9, 2013 and August 12, 2013, that only those requests that fall within the scope of Rule 36(a)(1) are deemed admitted and made a finding as to which requests fall within the scope of Rule 36(a)(1).").

Upon review, the Court finds these requests fall within the scope of Rule 36(a)(1) and therefore, they are deemed admitted as provided for in Rule 36.

[6] *See* Id. Upon review, the Court finds these requests fall within the scope of Rule 36(a)(1) and therefore, they are deemed admitted as provided for in Rule 36.

[7] *See* Id. Upon review, the Court finds these requests fall within the scope of Rule 36(a)(1) and therefore, they are deemed admitted as provided for in Rule 36.

$296,843.84, which consists of $275,569.84 "due under the Lease [Agreement]"[8] plus $21,274.00

in "attorneys' fees [Plaintiff] has incurred in connection with [Defendant] Jackstar's non-payment

of amounts due under the Lease [Agreement]." (Brandt Aff. ¶¶ 12-13.) Based on the foregoing,

Plaintiff is entitled to judgment as a matter of law as to its breach of contract claim against

Defendant Jackstar.

### B. Count II-Debt (against Defendant LaCroix)

¶ 14    As noted in *Carlos Warehouse v. Thomas*, "no Virgin Islands precedent (binding or

persuasive) explains what common law rule governs a claim for money owed" and thus, a *Banks*

analysis was necessary to determine whether a debt claim should be recognized under the common

law of the Virgin Islands and what specific rules should apply. 64 V.I. 173, 183-84 (V.I. Super.

Ct. May 12, 2016). The *Carlos Warehouse* court conducted a *Banks* analysis and concluded that

"it is unquestionably the soundest rule for the Virgin Islands to recognize a claim for debt," *Id.* at

192 (quotation marks and internal citation omitted), and that "[t]o state a common law claim for

debt under Virgin Islands law, the plaintiff must allege that the defendant owes a certain amount

and that the defendant is or should be obligated to pay that amount." *Id.* Having reviewed the

*Banks* analysis conducted in *Carlos Warehouse*, this Court sees no reason to depart from that ruling

and adopts that analysis as though the same were set forth herein.

¶ 15    In this instance, the Court finds that Plaintiff satisfied its burden of establishing that there

is no genuine dispute as to any material fact regarding the facts supporting each element of the

---

[8] $275,569.84 consists of $149,190.84 in unpaid rent, additional rent, utilities, and other charges, *plus* $111,037.10 in interest on all amounts due and owing but unpaid from January 1, 2017 through April 30, 2018, *plus* $15,341.90 on amount due and owing but unpaid from January 1, 2017 through April 30, 2018, *minus* $10,000.00 deposit under the Lease Agreement. (Brandt Aff. ¶ 12.)

debt claim.[9] Plaintiff established the existence of an agreement between Plaintiff and Defendant

LaCroix. (Defendants' Answer ¶¶ 8, 10; Plaintiff's first set of requests for admissions to Defendant

LaCroix, Request 9;[10] Brandt Aff. ¶¶ 4, 8.) A copy of the Guaranty is a part of the record. Under

the Guaranty, Defendant LaCroix agreed to "that if the rent is not paid by Tenant [Defendant

Jackstar] in accordance with the terms of the Lease [Agreement], or if any and all sums which are

now or may hereafter become due from Tenant [Defendant Jackstar] to Landlord [Plaintiff] under

the Lease [Agreement] are not paid by Tenant [Defendant Jackstar] in accordance with the Lease

[Agreement], Guarantor [Defendant LaCroix] will immediately make such payments...[and]...to

pay Landlord [Plaintiff] all expenses (including reasonable attorneys' fees) paid or incurred by

Landlord in endeavoring to collect the indebtedness evidenced by the Lease [Agreement], to

enforce the obligations of Tenant [Defendant Jackstar] guaranteed hereby, or any portion thereof,

or to enforce this Guaranty." (Guaranty, p. 1; Plaintiff's first set of requests for admissions to

Defendant LaCroix, Request 10, 76-77;[11] Brandt Aff. ¶ 5.) Here, Defendant Jackstar breached its

duty to make payments to Plaintiff under the Lease Agreement and Defendant Jackstar owes

Plaintiff the total amount of $296,843.84 under the Lease Agreement. Thus, under the Guaranty,

Defendant LaCroix owes Plaintiff in the total amount of $296,843.84 and Defendant LaCroix is

obligated to pay said amount to Plaintiff. (Plaintiff's first set of requests for admissions to

---

[9] The Court must note that while Plaintiff argued in its motion that Defendant LaCroix breached the Guaranty, Plaintiff did not allege a breach of contract cause of action against Defendant LaCroix. *See supra*, footnote 3. As noted above, the complaint alleged the following counts: Count I-breach of contract (against Defendant Jackstar), Count II-debt (against Defendant LaCroix), and Count III-fraud (against Defendant LaCroix). Nevertheless, the Court finds Plaintiff's argument that Defendant LaCroix breached the Guaranty applicable to the analysis for Plaintiff's debt claim against Defendant LaCroix.

[10] *See supra*, footnote 5. Upon review, the Court finds this request falls within the scope of Rule 36(a)(1) and therefore, they are deemed admitted as provided for in Rule 36.

[11] *See supra*, footnote 5. Upon review, the Court finds these requests fall within the scope of Rule 36(a)(1) and therefore, they are deemed admitted as provided for in Rule 36.

Defendant LaCroix, Request 58-59, 84-87;[12] Brandt Aff. ¶ 14.) Based on the foregoing, Plaintiff is entitled to judgment as matter of law as to its debt claim against Defendant LaCroix.

### C. Count III-Fraud (against Defendant LaCroix)

¶ 16 In this instance, the Court finds that Plaintiff failed to satisfy its burden of establishing that there is no genuine dispute as to any material fact regarding the facts supporting each element of the fraud claim because Plaintiff failed to make any argument in its motion as to its fraud claim against Defendant LaCroix. *See* V.I. R. Civ. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:...(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party."); *see also, The Litwin Corp. v. Universal Oil Prods. Co.*, 69 V.I. 380, 387 (V.I. Super. Ct. Sept. 28, 2018) ("[I]t is not the Court's job to research and construct legal arguments open to parties. In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate.") (internal quotation marks and citation omitted). The Court declines to make such arguments on Plaintiff's behalf. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). Based on the foregoing, Plaintiff is not entitled to judgment as a matter of law as to its fraud claim against Defendant LaCroix.

---

[12] *See supra*, footnote 5. Upon review, the Court finds these requests fall within the scope of Rule 36(a)(1) and therefore, they are deemed admitted as provided for in Rule 36.

### D. Miscellaneous

¶ 17    Plaintiff also requested additional attorneys' fees incurred by Plaintiff in connection with this action, pre-judgment interest, and post-judgment interest. (Compl.; Motion, p. 7.)

#### 1. Additional Attorneys' Fees

¶ 18    As to the additional attorneys' fees incurred by Plaintiff in connection with this action, Rule 54 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 54") provides that "[w]ithin 30 days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the court a bill of costs, together with a notice of motion when application will be made to the court to tax the same." V.I. R. Civ. P. 54(d)(1)(A). Accordingly, at this juncture, the Court will deny without prejudice Plaintiff's request for additional attorneys' fees incurred by Plaintiff in connection with this action. However, Plaintiff may file a separate motion for additional attorneys' fees, with proper briefing and supporting documents, in compliance with Rule 54. Failure to comply with Rule 54 may result in the costs being waived. *See* V.I. R. Civ. P. 54(d)(1)(E) ("Upon failure of the prevailing party to comply with this Rule, all costs may be waived.").

#### 2. Pre-judgment Interest

¶ 19    Title 11 V.I.C. § 951(a)(1) provides that "[t]he rate of interest shall be nine (9%) per centum per annum on—all monies which have become due." Title 11 V.I.C. § 951(a)(1). "The grant or denial of prejudgment interest remains within the sound discretion of the trial court." *Williams v. Edwards*, 2017 V.I. LEXIS 105, at *6 (V.I. Super. Ct. July 12, 2017) (quoting *Isaac v. Crichlow*, 63 V.I. 38, 69 (V.I. Super. Ct. Feb. 10, 2015). The Court does not find that an award of pre-judgment interest inappropriate here—to wit, the amount due was in money and easily ascertainable based on the Lease Agreement. *See Remole v. Sullivan*, 20 V.I. 434, 1984 V.I. LEXIS

9 (V.I. Terr. Ct. June 7, 1984) ("the thrust of this section is to authorize prejudgment interest only where the amount due is in money and therefore is easily ascertainable"); *see also, Trocki Trocki v. Mendoza*, 15 V.I. 256, 259 (V.I. Terr. Ct. Aug. 8, 1978) ("An award of interest pursuant to § 951(a) under this factual situation, where the performance is incapable of precise valuation, would be in contravention of the intent of that section, which is to award interest only where the amount due is in money and, therefore, easily ascertainable."). As such, the Court will grant Plaintiff's request for pre-judgment interest at the rate of 9% per annum on the individual amounts (that make up the total outstanding amount), commencing from the date that such individual amounts (e.g., monthly minimum rent, monthly additional rent, monthly utilities, etc.) were due but not paid until the date of the entry of this Order and Judgment.

### 3. Post-judgment Interest

¶ 20    Title 5 V.I.C. § 426(a) provides that "[t]he rate of interest on judgments and decrees for the payment of money shall be 4 percent per annum." Title 5 V.I.C. § 426(a). In *Christian v. Joseph*, the Third Circuit, while sitting as the *de facto* court of last resort for the Virgin Islands, held that Title 5 V.I.C. § 426 "provides for automatic accrual of post-judgment interest."[13] 29 V.I.

---

[13] The Court notes that in this instance, the Court need not undertake a *Banks* analysis because this is an issue of statutory interpretation rather than a determination of common law. *See In re L.O.F.*, 62 V.I. 655, 661 n.6 (V.I. 2015) (The Supreme Court of the Virgin Islands has established that a *Banks* analysis is not required for statutory interpretation.); *see also, Smith v. Henley*, 67 V.I. 965, 970 n.2 (V.I. 2017) ("A *Banks* analysis was unnecessary, however, because the issue here is purely a matter of statutory interpretation, not common law."); *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). Additionally, the Court also notes that in *Wallace v. People of the V.I.*, the Virgin Islands Supreme Court reaffirmed that "[i]t is true that prior decisions of the Appellate Division remain binding upon the Superior Court unless overturned by this Court." 71 V.I. 703, 738 n.5 (V.I. 2019) (citing *Defoe v. Phillip*, 56 V.I. 109, 119 (V.I. 2012) ("This Court is not required to follow ... decisions of the District Court or the Third Circuit interpreting local Virgin Islands law. In addition to previously holding that decisions of our predecessor court, the Appellate Division of the District Court of the Virgin Islands, are not binding on us, we have also recently held that this Court — unlike the Superior Court — is not compelled to treat the Third Circuit's interpretation of Virgin Islands law as binding precedent: 'Although the establishment of this Court has changed the relationship between the local Virgin Islands judiciary and the Third Circuit, this Court's creation did not erase pre-existing case law, and thus precedent that was extant when the Court became operational continues unless and until this Court address the issues discussed there. Accordingly, decisions rendered by the Third Circuit and

404, 408 (3d Cir. 1993). Accordingly, the Court will grant Plaintiff's request for post-judgment interest. *See Smith v. Companion Assurance Co.*, 70 V.I. 233, 241 (V.I. Super. Ct. March 12, 2019) (the court granted Plaintiffs' request for an award for post-judgment interest "because the application of post-judgment interest is automatic."). The Court will grant Plaintiff's request for post-judgment interest at the rate of 4% per annum on the total outstanding amount, commencing on the date of the entry of the judgment in this matter until the date the judgment is satisfied.

## CONCLUSION

¶ 21    Based on the foregoing, Plaintiff's renewed motion for summary judgment, filed on July 8, 2021, will be granted as to its breach of contract claim against Defendant Jackstar (Count I), granted as to its debt claim against Defendant LaCroix (Count II), and denied as to its fraud claim against Defendant LaCroix (Count III). Additionally, the Court will close this matter since there are no other pending issues herein as to the merits of the case and the Court retains jurisdiction to decide collateral issues such as costs and attorney's fees even after the entry of a final order. *Cf. Yearwood Enters., Inc. v. Antilles Gas Corp.*, 69 V.I. 863, 870 (V.I. 2018) ("The proposition that the Superior Court should only retain jurisdiction over motions for fees and costs if those motions

---

the Appellate Division of the District Court are binding upon the Superior Court even if they would only represent persuasive authority when this court considers an issue.'" (quoting *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 403 n.7 (V.I. 2008); *In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I. 2009)))). The Court is nevertheless cognizant that, in *Hamed v. Hamed*, the Virgin Islands Supreme Court held that "decisions of the Appellate Division and the Third Circuit addressing issues of Virgin Islands common law are no longer binding on the Superior Court," 63 V.I. 529, 535 (V.I. 2015) (citing *Gov't of the V.I. v. Connor*, 60 V.I. 597, 605 n.1 (V.I. 2014)), and that "decisions issued by the Appellate Division after 2007, like decisions of the District Court or Third Circuit heard through diversity or supplemental jurisdiction, are not binding on the Superior Court," 63 V.I. at 535 (citing *Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 755-56 (V.I. 2014); *Walters v. Walters*, 60 V.I. 768, 777 n.10 (V.I. 2014); *People v. Simmonds*, 56 V.I. 84, 90 (V.I. Super. Ct. 2012); *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 359-61 (3d Cir. 2007)). However, *Christian* did not concern common law and it was issued prior to 2007. As such, until the Virgin Islands Supreme Court explicitly declares that all decisions of the Appellate Division and the Third Circuit are no longer binding on the Virgin Islands Superior Court or definitely proclaims that the Title 5 V.I.C. § 426(a) does not provide for automatic accrual of post-judgment interest, the Court continues to find *Christian* binding.

are filed before the entry of a final order — whether in the form of voluntary dismissal or otherwise

— finds no support in the decisions of Virgin Islands courts and contradicts the longstanding rules

of practice in this jurisdiction…. Therefore, we hold that the Superior Court retained jurisdiction

to consider a motion for attorney's fees following the voluntary dismissal of an action regardless

of whether that motion was filed before or after the notice of dismissal.").[14] An order and judgment

consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE this 28th day of March 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: _____3/29/2022_____

_____
**HAROLD W.L. WILLOCKS**
**Presiding Judge of the Superior Court**

---

[14] In *Yearwood*, the Virgin Islands Supreme Court explained:

> …as Judge Easterbrook has explained: "'Jurisdiction' is an all-purpose word denoting adjudicatory power. A court may have power to do some things but not others, and the use of 'lack of jurisdiction' to describe the things it may not do does not mean that the court is out of business." *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). Indeed, even the cases cited by Yearwood specifically note that the filing of a notice of voluntary dismissal deprives the court of jurisdiction to rule *on the merits of the claims*, and those decisions say nothing about the court's jurisdiction over collateral matters such as motions for attorney's fees.

> 69 V.I. at 866.



IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
March 29, 2022 10:34 AM
SX-2018-CV-00283
**TAMARA CHARLES
CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| ST. CROIX FINANCIAL CENTER, INC., | Civil No. SX-18-CV-283 |
| PLAINTIFF, | ACTION FOR FRAUD, BREACH OF CONTRACT AND DEBT |
| v. | |
| JACKSTAR, INC. AND JEFF LACROIX, | JURY TRIAL DEMANDED |
| DEFENDANTS. | CITE AS: 2022 VI SUPER 40 |

**Appearances:**
**Lisa Michelle Komives, Esq.**
**Dudley Newman Feuerzeig LLP**
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

**Jeff LaCroix**
*Pro Se*[1]

## ORDER AND JUDGMENT

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff St. Croix Financial Center, Inc.'s renewed motion for summary judgment, filed on July 8, 2021, is **GRANTED** as to its breach of contract claim against Defendant Jackstar, Inc. (Count I), **GRANTED** as to its debt claim against Defendant Jeff LaCroix, and **DENIED** as to its fraud claim against Defendant Jeff LaCroix (Count III). It is further:

---

[1] *See* footnote 1 of the Memorandum Opinion entered contemporaneously herewith.

**ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of Plaintiff St. Croix Financial Center, Inc. and against Defendant Jackstar, Inc. as to Count I and that judgment is entered in favor of Plaintiff St. Croix Financial Center, Inc. and against Defendant Jeff LaCroix for Count II. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's request for pre-judgment interest and post-interest judgment is **GRANTED**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's request for additional attorneys' fee incurred by Plaintiff in connection with this action is **DENIED WITHOUT PREJUDICE**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that a **SUMMARY JUDGMENT** shall be entered in favor of Plaintiff St. Croix Financial Center, Inc. and against Defendant Jackstar, Inc. and Defendant Jeff LaCroix, jointly and severally, as follows:

(i)     the total outstanding amount: $296,843.84, **plus**

(ii)    pre-judgment interest, which shall accrue at the rate of 9% per annum on the individual amounts (that make up the total outstanding amount) pursuant to Title 11 V.I.C. § 951(a)(1), commencing from the date that such individual amounts (e.g., monthly minimum rent, monthly additional rent, monthly utilities, etc.) were due but not paid until the date of the entry of this Order and Judgment, **plus**

(iii)   post-judgment interest, which shall accrue at the rate of 4% per annum on the total outstanding amount pursuant to Title 5 V.I.C. § 426(a), commencing on the date of the entry of this Order and Judgment until the date this Order and Judgment is satisfied.

It is further:

**ORDERED** that a copy of this Order and Judgment and the Memorandum Opinion entered

contemporaneously herewith shall be **SERVED** upon:

(i)     Lisa Michelle Komives, Esq. **electronically**.

(ii)    Jeff LaCroix via (i) **certified mail** and **regular First-Class mail** to 5995 Old Brunswick Road, Lakeland, TN 38002[2] and (ii) **email** to jlacroix@groomsengines.com.[3]

(iii)   Jackstar Inc. via **certified mail** and **regular First-Class mail** to Bernard Patty, Esq., Registered Agent, The Pentheny Building, 1138 King Street, Suite 204, Christiansted, VI 00820.[4]

**And** it is further:

**ORDERED** that this matter is hereby **CLOSED**.

**DONE and so ORDERED this** 28th **day of March 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____

Court Clerk Supervisor
Dated: 3/29/2022

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

---

[2] This is the address provided by Plaintiff in its December 28, 2021 informational notice advising the Court that Plaintiff successfully served Defendant Jeff LaCroix.

[3] This is the email address provided in the 2015 Lease.

[4] This is the address provided by Plaintiff in its December 28, 2021 informational notice advising the Court that Plaintiff successfully served Defendant Jackstar, Inc.'s registered agent Bernard Pattie, Esq.