

**FILED**

October 17, 2024 04:17 PM

ST-2023-CV-00267

**TAMARA CHARLES
CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AAC-AIR AMBULANCE CARIBBEAN, INC. D/B/A/ AEROMD, | ) CASE NO. ST-2023-CV-00267 <br> ) <br> ) |
| Plaintiff, | ) JURY TRIAL DEMANDED <br> ) |
| -vs- | ) <br> ) |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY; AXA ASSISTANCE USA INC.; AXA GROUP, LLC, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

Cite as 2024 VI Super 41U

## MEMORANDUM OPINION AND ORDER

¶1 This matter is before the Court on:

1. Defendant Cigna Health And Life Insurance Company's Motion To Dismiss and accompanying Memorandum In Support Of Motion To Dismiss ("Motion"), filed January 29, 2024;

2. [Plaintiff] AeroMD['s] Response To Defendant Cigna Health And Life Insurance Company's Motion To Dismiss ("Opposition"), filed March 20, 2024;

3. Defendant Cigna Health And Life Insurance Company's Reply To Plaintiff's Response To Motion To Dismiss ("Reply"), filed April 3, 2024.

¶2 The Court will deny Cigna's Motion to Dismiss in part and grant the Motion to Dismiss in part by dismissing with prejudice two (2) of the counts in the Complaint.

### I. INTRODUCTION

#### A. Background

¶3 On August 8, 2023, Plaintiff AAC-Air Ambulance Caribbean, Inc. d/b/a AeroMD ("AeroMD") filed a Complaint against Cigna Health and Life Insurance Company ("Cigna"), AXA Assistance USA Inc. ("AXA"), AXA Group LLC ("AXA Group"), as well as members of the Government Employees Service Commission ("GESC") Board collectively in their official capacities as members of the GESC Board: Beverley A. Joseph, Gilbert Commissiong, Lori Anderson, Clemmie Mosses St. John, Lorraine Morton, Andre Dorsey, Dr. Kisha Christian,

Debbie Christopher, and John Abramson Jr. (collectively, "Board Members"),[1] asserting thirteen (13) causes of action: Count One – Breach of Express Contract, asserted against all Defendants; Count Two – Breach of Implied-In-Fact Contract, asserted against all Defendants; Count Three – Quantum Meruit/Unjust Enrichment, asserted against all Defendants; Count Four – Breach of Contract asserted by AeroMD as Third-Party Beneficiary of the Cigna Plans, asserted against all Defendants; Count Five – Breach of Fiduciary Duty – Cigna Non-ERISA Plans, asserted against Cigna and AXA; Count Six – Breach of Fiduciary Duty – VI Government Plan, asserted against all Defendants; Count Seven – Tortious Interference with Prospective Business Relations, asserted against Cigna and AXA; Count Eight – Tortious Interference with Existing Contracts – Contract Between AeroMD and Cigna/GESC, asserted against AXA; Count Nine – Tortious Interference with Existing Contracts – AeroMD Membership Program Contracts Between AeroMD and Certain Cigna Plan Enrollees, asserted against Cigna and AXA; Count Ten – Violation of the Virgin Islands Prompt Pay Statute, 22 V.I.C. § 1725, asserted against all Defendants; Count Eleven – Prima Facie Tort, asserted against all Defendants; Count Twelve – Gross Negligence, asserted against Cigna and AXA; and Count Thirteen – Declaratory Judgment – Unfair Practices and Frauds Act, asserted against all Defendants.[2]

¶4    AeroMD seeks damages for unpaid benefits; injunctive and declaratory relief to prevent Defendants from engaging in actions prohibited by the Cigna plans and law; an order directing Defendants to pay benefits in accordance with the Cigna plan; an award of lost profits, contractual damages, and compensatory damages; an award of exemplary damages; restitution for reimbursements improperly held by Defendants; declaration that Defendants violated the terms of the Cigna Plans; requiring that Defendants pay AeroMD the benefit amounts; requiring that Defendants make full payments on all previously denied charges; an award of reasonable attorney's fees; an award of costs of suit; an award of pre-judgment interest and post-judgment interest; and all other relief to which AeroMD is entitled.[3] AeroMD demands a jury trial.[4]

### B.    Parties' Arguments

#### 1.  Motion To Dismiss

¶5    Defendant Cigna Health And Life Insurance Company ("Cigna") moves this Court pursuant to Virgin Islands Rules of Civil Procedure 12(b)(6) and 12(e), to dismiss for failure to state a claim upon which relief can be granted and for an order for a more definite statement. Cigna states it "always tries to ensure that its members receive the air ambulance services that they need and that often times [AeroMD]'s services are not the best option for transporting patients."[5] Cigna

---

[1] On March 19, 2024, this Court issued Memorandum Opinion and Order 2024 VI Super 14U dismissing the GESC Board and the Board Members from the case as the Court lacked subject-matter jurisdiction over them.

[2] Pl.'s Compl. 18-35.

[3] Pl.'s Compl. 36-37.

[4] Pl.'s Compl. 36.

[5] Def.'s Mot. 2.

*AAC-Air Ambulance Caribbean, Inc. d/b/a AEROMD v. Cigna et al*
**Case No. ST-2023-CV-00267**
**Memorandum Opinion and Order**
**Page 3 of 14**

2024 VI Super 41U

first argues that Counts 5-7, 9, and 11-12 sound in tort and are thus time-barred by the two (2) year statute of limitations as they rely on conduct pre-dating August 11, 2021. Cigna points out that AeroMD purports to rely on conduct "dating back to at least 2020" and also that AeroMD's Complaint is less than clear about the relevant time period. Cigna argues that Count 1 must be dismissed as there was no express contract. Cigna argues, in the alternative, that AeroMD be ordered to identify what claim, identify its elements, and plead factual allegations that show an express contract that could have been breached.

¶6     Cigna argues that Count 4 must fail because AeroMD is not a third-party beneficiary of any of the contracts but one whose benefit is merely incidental to the contract. Cigna states that AeroMD's conclusory allegation does not show that Cigna intended AeroMD to benefit from its contracts with enrollees. Cigna argues Count 5 should be dismissed because Cigna is not aware of and AeroMD does not provide what the "Cigna non-ERISA plans" are, and without knowing what these plans are Cigna cannot verify what fiduciary duty exists and how it relates to AeroMD. Alternatively, AeroMD should be ordered to identify what these plans are and their relevant assignment of rights section. Cigna argues Count 6 should be dismissed because the Government of the Virgin Islands' Cigna plan contains a binding anti-assignment clause, so it is not possible for a right of a breach of fiduciary duty claim to be assigned to AeroMD.

¶7     Cigna argues that Count 10 should be dismissed for two reasons: first, AeroMD cannot claim to be a healthcare provider as defined by the statute and ambulance providers are regulated under a different framework; and second, even if it were a healthcare provider, AeroMD does not provide any factual allegations that the claims are uncontested. Cigna argues that AeroMD's Count 11 claim should be dismissed because under Virgin Islands law, AeroMD cannot plead a prima facie tort unless the factual allegations are distinct from other torts claimed and here, they are not. Additionally, AeroMD does not plead an intentional lawful act, but rather wrongful conduct, so Count 11 cannot be a prima facie tort. Cigna argues that Count 12 should be dismissed because AeroMD did not "(and cannot)" plead that Cigna owes it a duty of care.[6] Lastly, Cigna argues Count 13 should be dismissed as the Unfair Practices and Frauds act does not create a private right of action and vests solely the Government with its enforcement.

## 2. Opposition

¶8     AeroMD responds that Cigna misconstrues Virgin Islands law or attempts to impose a higher pleading standard. AeroMD argues that Cigna does not challenge Count 2, 3, 7, and 9.[7] AeroMD states that the pleading standard is very generous and intended to focus cases on the merits. AeroMD claims that its tort actions are not time-barred under the continuing violations doctrine, and cites to several allegations where AeroMD states that Cigna continues to commit

---

[6] Def.'s Mot. 13.

[7] While AeroMD is correct that Cigna does not move to dismiss Counts 2 and 3, Cigna does challenge Counts 7 and 9.

tortious acts upon it. AeroMD also points that its stated relief sought is that Cigna be enjoined from continuing to pursue the actions stated in the Complaint.

¶9     AeroMD additionally argues Cigna seeks to impose a higher standard on it when stating there is no express contract. AeroMD states that "the facts establish that Cigna, with full knowledge of AeroMD's pricing, expressly agreed for AeroMD to provide emergency air ambulance services to Cigna Plan enrollees . . . Cigna accepted AeroMD's services knowing the required payment; that these circumstances gave rise to a contractual duty for Cigna to pay" for AeroMD's services, and that Cigna breached this duty by failing to pay.[8] AeroMD states it does point to documents indicating this contract, namely its invoices to Cigna and the publication of its air ambulance emergency charges. AeroMD also argues Cigna misconstrues its contract as one to procure or provide insurance when it is one to provide air medical evacuation services. AeroMD also argues that Cigna relies on an unestablished Virgin Islands rule and that it did plead that there was a separate agreement between an insurer (Cigna) and an out-of-state provider (AeroMD). Lastly, AeroMD argues under the notice pleading standard it was only necessary for it to plead that a contract existed that created a duty, this contract was breached and AeroMD suffered damages, and AeroMD did plead this.

¶10    AeroMD also states that it pleads it was a third-party beneficiary under the various plans, which is sufficient to put Cigna on notice of the claim. AeroMD avers that "Cigna is free to attempt to disprove that Cigna intended AeroMD to be a third-party beneficiary; however, it must do so in discovery; not at the pleading stage."[9] AeroMD argues that it has put Cigna on notice of the "non-ERISA plans" by pleading them, and Cigna's status as a sophisticated health insurer alone should put it on notice about what plans it refers to. AeroMD points out that there is no requirement that it attaches the relevant plans to or quote any non-assignment clause in its Complaint, and Cigna can always make a dispositive motion after discovery. AeroMD argues that despite the anti-assignment clause in the Government Plan, it had argued that the Defendants are estopped and/or waived this provision in its Complaint, so that claim should not be dismissed.

¶11    AeroMD argues that its Prompt Pay Statute claim survives dismissal because it has pled that it is the only Certificate of Need-approved air ambulance provider and a Certificate of Need is required when one establishes a health facility or service or incurs an expenditure on behalf of one, so it has given Cigna notice it is a health care facility or service subject to the Prompt Pay Statute. AeroMD argues that Cigna has made partial payments, but there is no extant disagreement over whether the claims are payable, so they are "uncontested" claims and thereby subject to the Prompt Pay Statute.

¶12    AeroMD contends that Virgin Islands law states that the prima facie tort can be plead in the alternative and need not be dismissed at the pleading stage even if it overlaps with other claims and that only after the close of evidence, if the proof shows another tort, may it be dismissed and the claim submitted under the relevant tort. AeroMD also states it has plead several factual

---

[8] Pl.'s Opp'n. 8.
[9] Pl.'s Opp'n 11.

allegations that are lawful but harmful to AeroMD, such as the de facto boycotting of its services by Cigna and health service providers. AeroMD avers that it does plead that Cigna has violated a fiduciary duty in its gross negligence claim, so it has plead all the requisite elements of a case. Lastly, AeroMD argues that there is a private right of action under the Virgin Islands' Unfair Practices and Frauds Act that was recognized in the case *FirstBank Puerto Rico v. Ainger*, 74 V.I. 350 (V.I. Super. Ct. 2021).

### 3. Reply

¶13    Cigna's reply focuses on four (4) arguments presented by AeroMD. Cigna contends that AeroMD implicitly acknowledges it is not a health care provider by citing to a different statute (the Certificate of Need statute, 19 V.I.C. § 223) and that acting on behalf of a health care provider does not make it a health care provider. Cigna argues that *Ainger* does not indicate that there is a private right of action in the Unfair Practices and Frauds Act, as it was ruled that the Superior Court got the "right result for the wrong reason" in that case because the bank had violated the Unfair Practices and Frauds Act, not that the plaintiff could sue under that act. Cigna replies that AeroMD does not allege that it has an express contract but rather its Complaint states that it provides services for Cigna plan enrollees. Cigna states that the "fundamental element missing from this Plaintiff's contract claim against Cigna is an agreement between these parties."[10] Cigna avers that there is not only no allegation that Cigna has agreed to be bound by AeroMD's terms, but recognition that it rejected Cigna's unilateral pricing.

¶14    Lastly, Cigna argues that the continuing violations doctrine does not protect AeroMD's claims that Cigna failed to pay for services in years prior to the limitations period. Cigna states that the cases relied upon by AeroMD features continuing conduct (blocking a road) that constituted a continuous tort, whereas here, AeroMD cannot claim that because it sent bills for new services alleged non-payment of bills for services that predate the statute of limitations somehow survives.

## II.    LEGAL STANDARD

### A. Motion To Dismiss – 12(b)(6)

¶15    Virgin Islands Rule of Civil Procedure 12(b)(6) allows a party to challenge a pleading for "failure to state a claim upon which relief can be granted."[11] To survive a 12(b)(6) motion, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"[12] and "[t]he facts alleged in the pleadings, and any inferences drawn therefrom must be

---

[10] Def.'s Reply 3.

[11] V.I.R. CIV. P. 12(b)(6).

[12] V.I.R. CIV. P. 8(a)(2).

viewed in the light most favorable to the plaintiff."[13] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[14]

¶16     "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief[.]"[15] Further, "the purpose of the notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[16] Virgin Islands Rule of Civil Procedure 8(a) states that a claim for relief must contain a short statement of the grounds for the Court's jurisdiction, "a short and plain statement of the claim showing that the pleader is entitled to relief — because this is a notice pleading jurisdiction," and "a demand for the relief sought, which may include relief in the alternative or different types of relief."[17]

### B.  Tort; continuing violation doctrine

¶17     In the Virgin Islands, there is a two (2) year statute of limitations on civil tort claims.[18] The Virgin Islands Supreme Court stated in *Brouillard v. DLJ Mortg. Capital, Inc.*[19] that "[w]hen courts apply the continuing violation doctrine, the claim will not be barred provided that at least one wrongful act occurred during the statute of limitations period and that it was committed in furtherance of a continuing wrongful act or policy or is directly related to a similar wrongful act committed outside the statute of limitations."[20] The claim must contain wrongful acts, not merely continuing ill effects.[21]

### C.  Prima Facie Tort

¶18     In *Erbey Holding Corporation v. Blackrock Financial Management, Inc.*,[22] the Superior Court conducted a *Banks* analysis and adopted the "New Mexico/Missouri" approach to the prima facie tort.[23] "To state a claim for prima facie tort, a plaintiff must allege '(1) an intentional lawful act by defendant; (2) defendant's intent to injure the plaintiff; (3) injury to the plaintiff; and (4) an

---

[13] *Adams v. North West Company (International), Inc.*, 63 V.I. 427, 438 (Super. Ct. 2015) (citing *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)).

[14] *L'Henri, Inc. v. Vulcan Materials Co.*, Civ. No. 206–170, 2010 WL 924259, at *1 (D.V.I. Mar. 11, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

[15] *Basic Servs., Inc. v. Gov't of Virgin Islands*, 2019 VI 21, ¶12 (citing *Casaday v. Allstate Ins. Co.*, 232 P.3d 1075, 1080 (Utah App. 2010)).

[16] *Basic Servs., Inc.*, ¶10 (citing V.I. R. CIV. P. 8 Reporter's Note; and *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017)).

[17] V.I. R. CIV. P. 8(a).

[18] 5 V.I.C. § 31(a)(5)(A).

[19] 63 V.I. 788 (V.I. 2015).

[20] *Id.* at 796 (quoting *Felter v. Norton*, 412 F. Supp. 2d 118, 125 (D.D.C. 2006).

[21] *Id.* (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982)).

[22] 2023 VI Super 75.

[23] *Id.* at ¶ 48.

absence of or insufficient justification for defendant's act.'"[24] Further, the Court held that "[p]rima facie tort can safely be asserted in the alternative and need not be dismissed at the pleading stage even if it happens to overlap with other claims."[25] *Erbey Holding Corp.*'s analysis is well-reasoned and compelling, and this Court sees no reason to not adopt it.

### D. Contracts; contracts to provide or procure insurance; third-party beneficiaries

¶19    The Virgin Islands Supreme Court in *Phillip v. Marsh-Monsanto*[26] adopted the following elements for breach of contract claims: "(1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages."[27] Express contracts are "memorialized in 'oral or written words.'"[28]

¶20    Parties in a contract to either procure or provide insurance must "agree upon a number of essential elements to be enforceable."[29] These elements include "subject matter, risk insured against, amount of insurance, premium rate, risk duration, and identity of parties."[30] "[O]ut-of-network providers do not have pre-existing contractual relationships with the insurer."[31]

¶21    Third-party beneficiaries may be intended or incidental, where an intended beneficiary acquired rights through a promise between two (2) contracting parties, but an incidental one did not.[32] In order for a plaintiff's third party standing to be recognized, a plaintiff must demonstrate that 'the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties.'"[33]

### E. Insurer Prompt Pay Statute

¶22    The "Prompt Pay Statute" for insurers is located in 22 V.I.C. § 1725 and states in full:

(a) Any insurer providing health insurance coverage shall be required to process and pay any uncontested claim, within thirty (30) calendar days from the date of receiving the claim.

---

[24] *Id.* (quoting *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 315 (Mo. 1993)).

[25] *Id.* at ¶ 49.

[26] 66 V.I. 612 (V.I. 2017).

[27] *Id.* at 621 (citing *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015)).

[28] *Turnbull v. Turnbull*, 2019 VI Super 94, ¶ 9.

[29] *Charleswell v. Chase Manhattan Bank, N.A.*, 45 V.I. 495, 508 (D.V.I. 2004).

[30] *Id.* (citing to COUCH ON INSURANCE 3d § 13:18).

[31] *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 231 (3d Cir. 2020).

[32] *Forever Flowers Grande v. Yacht Haven Grande*, Case Nos. ST-2009-CV-00339, ST-2010-CV-00406, 2011 V.I. LEXIS 154, at *2 (V.I. Super. Ct. Aug. 11, 2011) (unpublished) (citing first *Danielson v. Innovative Communications, Corp.*, 49 V.I. 1071 (D.V.I. 2008); then RESTATEMENT 2 CONTRACTS § 302).

[33] *Id.* (quoting *Crawford v. SAP America, Inc.*, 147 F. App'x 234, 238 (3d Cir. 2005)).

*AAC-Air Ambulance Caribbean, Inc. d/b/a AEROMD v. Cigna et al*
**Case No. ST-2023-CV-00267**
**Memorandum Opinion and Order**
**Page 8 of 14**

2024 VI Super 41U

(b) If there is a contested claim, the insurer shall, within the same thirty (30) day calendar period notify the health care provider of its decision not to reimburse that amount, which notice shall provide a clear and concise statement to the health care provider of all the reasons for the insurer's decision.

(c) Any insurance payment which is not made within the thirty day period shall accrue interest at the rate of 10% or the prevailing prime rate applicable on the date of payment, pursuant to Title 11, section 951 of this Code, or whichever is greater, from the date the services were provided to the date of payment.

(d) The health care provider shall be entitled to receive payment from the patient for any services rendered which are not reimbursable by the insurer within sixty days after service is rendered.

(e) The Commissioner of Insurance may review any contested claim to determine whether (1) the services are covered under a health insurance plan, (2) the fees are reasonable for the services, and any other matter necessary to determine how the claim should be handled.[34]

¶23 Health care provider is defined in 22 V.I.C. § 1722(b):

(b) "Health care provider" means a person, corporation, facility or institution who must be licensed by this territory to provide health care or professional medical services including but not limited to any physician, osteopath, hospital, dentist, registered or licensed practical nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor, par-medical personnel and emergency medical technician, pharmacist and laboratory technicians, or any health care facility, including but not limited to a medical center, hospital, clinic, health center and/or group practice that are licensed or certified under the Virgin Islands Code to provide treatment for injuries, diseases, pain or deformity of the human body.[35]

¶24 Ambulance services are defined in 22 V.I.C. § 1671:

(a) "Ambulance service association" or "association" means any person issuing ambulance service contracts as defined in this section, other than an authorized insurer.

(b) "Ambulance service contract" or "preened [sic] ambulance service contract" means any contract or agreement whereby, for an agreed premium or specified

---

[34] 22 V.I.C. § 1725.
[35] 22 V.I.C. § 1722(b).

consideration or indemnify the contract or agreement holder from any type of ambulance service on a preened [sic] basis.[36]

**¶25**    The Virgin Islands Code states this about the applicability of other Insurance Code laws to ambulance service associations:

(a) Except as provided in this chapter, ambulance service associations shall be exempt from all other provisions of the Virgin Islands Insurance Code.

(b) Any rehabilitation, liquidation, conservation, or dissolution of an ambulance service association insurer shall be conducted under the supervision of the Commissioner. The Commissioner shall have all the powers with respect to rehabilitation, liquidation, conservation, or dissolution of an ambulance service association that are granted to the Commissioner under the provisions of chapter 51 of this title.[37]

**¶26**    Title 19, § 223 of the Virgin Islands Code provides that a Certificate of Need is required in certain circumstances:

No person, organization or governmental unit, acting severally or jointly with any other person, organization or governmental unit shall establish, construct, or expand a health facility or health service, or incur capital expenditure on behalf of a health facility or health service, or acquire major medical equipment in the Virgin Islands without a certificate of need as provided in this chapter.[38]

### F. Unfair Practices and Frauds Act; private right of action

**¶27**    The Unfair Practices and Frauds Act is contained in 22 V.I.C. § 1201 which states in full:

(a) No person engaged in the business of insurance shall engage in unfair methods of competition or in unfair or deceptive acts or practices in the conduct of such business as such methods, acts, or practices are defined pursuant to subsection (b) of this section.

(b) In addition to such unfair methods and unfair or deceptive acts or practices as are expressly defined and prohibited by this title, the Commissioner may from time to time by regulations promulgated only after a hearing thereon, define other methods of competition and other acts and practices in the conduct of such business reasonably found by him to be unfair or deceptive.

---

[36] 22 V.I.C. § 1671(a)-(b).

[37] 22 V.I.C. §§ 1673(a)-(b).

[38] 19 V.I.C. § 223.

(c) No such regulation shall be made effective prior to the expiration of 30 days after the date of the order on hearing by which it is promulgated.

(d) If the Commissioner has cause to believe that any person is violating any such regulation he shall order such person to cease and desist therefrom. The Commissioner shall deliver such order to such person direct or mail it to the person by registered mail with return receipt requested. If the person fails to comply therewith before expiration of ten days after the cease and desist order has been received by him, he shall forfeit to the people of this territory a sum not to exceed $250 for each violation committed thereafter, such penalty to be recovered by an action prosecuted by the Commissioner.

¶28    "The test for whether an implied right of action is created in a statute involves the two-part test, noted in the U.S. Supreme Court decision *Alexander v. Sandoval* . . . . This Court adopted that test in the 2012 decision, *Olive v. de Jongh*[.]"[39] The two-part test involves whether the Legislature intended to create a personal right as well as a private remedy.[40] "The first part of this test accounts for the statute's text and construction to make a determination, while the second part examines the statute's text and construction, as well as the legislative history of the statute."[41] Further, "language that focuses on the 'individual protected' rather than the 'person regulated'" may suggest there is a private right of action, but language that focuses on the person regulated confers no implication of a private right.[42] Additionally, the Court looks to whether there is an express provision of one method of enforcement, which suggests the Legislature intended to preclude other means.[43] Additionally, the existence of a comprehensive remedial structure also implies there is no private right of action.[44]

## III.  ANALYSIS

### A. Counts 5-7 and 9, which are tort claims involving unpaid bills and a policy of interfering with AeroMD's business, are not time-barred.

¶29    Counts 5-7 (Breach of Fiduciary Duty and Tortious Interference With Business Practices) and 9 (Tortious Interference With Prospective Business Relations), are not time-barred by the two-year statute of limitations on tort actions.[45] Dismissal is appropriate if a claim is outside the statute

---

[39] *Joseph v. Legislature of the V.I.*, Case No. ST-2011-CV-00419, 2017 V.I. LEXIS 175, at *18 (V.I. Super. Ct. Apr. 12, 2017) (unpublished) (citing *Olive v. deJongh*, 57 V.I. 24, 44 (V.I. Super. Ct. 2012)).

[40] *Id.* at *19.

[41] *Id.* at *18.

[42] *Id.* at *19.

[43] *Id.*

[44] *Id.*

[45] 5 V.I.C. § 31(a)(5)(A).

of limitations.[46] However, the continuing violation doctrine preserves claims when there has been one wrongful act allegedly conducted within the period of limitations and this act is indicative of a continuing wrongful policy. Counts 5 and 6 allege underpayment and nonpayment of claims. Each allegedly unpaid or underpaid bill is a discrete and recognizable wrong. Moreover, AeroMD alleges a pattern of underpaying or nonpayment that is indicative of a policy to not fully reimburse AeroMD. Counts 7 and 9 allege a policy and continuing wrong by Cigna to interfere with AeroMD's services by barring Cigna plan enrollees from utilizing AeroMD's services and instead "shopping" other air ambulance providers to the detriment of enrollees and AeroMD. In addition to showing a policy, the alleged wrongful act that occurred within the statute of limitations is the same as the one that occurred outside of it, to wit, underpayment on a bill for services rendered. As AeroMD has alleged a continuing tort violation, these claims are not time-barred by the statute of limitations and will not be dismissed at this stage.

### B. Count 11, prima facie tort, need not be dismissed as duplicative or time-barred.

**¶30**    As outlined above, the Virgin Islands recognizes prima facie tort as a distinct and recognizable cause of action that is not duplicative and need not be dismissed at the pleading stage. AeroMD is already prohibited by Virgin Islands law from recovering twice for the same element of damages, so permitting AeroMD to go forward with this claim at this stage will not do injustice as its recovery will necessarily be limited.[47] As the wrongful conduct described in the Complaint is ongoing, this claim also survives the statute of limitations due to the continuing violation doctrine. Thus, the Court will not dismiss this count at this stage.

### C. Counts 1, 4, 5, 6, and 12 will not be dismissed as AeroMD has sufficiently pled to put Cigna on notice of the claims against it

**¶31**    Count 1 is a breach of contract claim. AeroMD states that Cigna expressly agreed that AeroMD would provide air ambulance services, and that Cigna breached this agreement by drastically underpaying for its services thereby causing it damages. It is not necessary for AeroMD to provide more, attach any contract, or identify any specific claim. Count 1 will not be dismissed at this stage.

**¶32**    Count 4 alleges a breach of contract asserted as a third-party beneficiary. AeroMD asserts that it is "a third-party beneficiary under the Cigna Plans, as Defendants intended to reimburse

---

[46] *See, e.g., Oliver v. Terminix International Co.*, 2020 VI Super 54, ¶ 10 ("The Court concludes that this is an instance where the complaint so clearly reveals the existence of the statute of limitations defense that the Court must grant the motion to dismiss Count I.").

[47] *See, e.g., Robertson v. Banco Popular De P.R.*, 2023 VI 3, ¶ 38 ("This Court has already held that plaintiffs are prohibited from receiving a double recovery that would require a defendant to pay twice for the same element of damages - not just when a plaintiff sues a defendant for both breach of contract and tort, but also when a plaintiff sues a defendant for two or more torts.") (citing *R.J. Reynolds Tobacco Co. v. Gerald*, 2022 VI 14, ¶ 128).

providers under the Cigna Plans for services provided to Cigna Plan enrollees."[48] That it was entitled to recover benefits, and that Cigna breached this duty and AeroMD suffered damages. AeroMD is not required to plead more than factual allegations that entitle it to relief, and it has done so, thus dismissal is not warranted.

¶33    Count 5 alleges a breach of fiduciary duty under certain non-ERISA plans. While Cigna asserts this claim should be dismissed because AeroMD did not identify or attach these plans, that is not a requirement at the pleading stage. AeroMD pled that Cigna was a fiduciary and that it owed a duty to act in good faith and deal fairly, it breached this duty, AeroMD was harmed, and that any anti-assignment clause defense is waived and/or estopped. AeroMD has met the notice-pleading standard here, and Count 5 will not be dismissed.

¶34    Count 6 alleges breach of fiduciary duty under certain VI Government plans. Cigna argues that these plans do contain an anti-assignment clause so that it is not possible for AeroMD to be assigned a right to a breach of fiduciary duty claim. AeroMD, however, has pled that the Defendants "have waived any purported anti-assignment provisions, have ratified the assignment of benefits to AeroMD, and waived and/or are estopped from using any purported anti-assignment provisions against AeroMD due to Defendants' course of dealing with and statements to AeroMD as an out-of-network provider."[49] Taking factual allegations as true and in a light most favorable to the pleading party, and considering that AeroMD has pled the other elements of a breach of fiduciary duty claim, AeroMD has met the notice-pleading standard. Therefore, this claim will not be dismissed.

¶35    Lastly, Cigna argues that Count 12, negligence, should be dismissed because AeroMD did not and cannot plead that Cigna owed AeroMD a duty of care. AeroMD re-alleged and incorporated paragraphs 1-85 of its Complaint in its negligence claim.[50] AeroMD pled previously that Cigna had a fiduciary duty of loyalty to it in previous sections. It also pled that Cigna breached this duty, had wanton or reckless behavior, and AeroMD was harmed. Thus, AeroMD has successfully put Cigna on notice of a negligence claim against it and asserted the requisite allegations. Thus, this claim will not be dismissed.

### D. Count 10 will be dismissed with prejudice as AeroMD is not a healthcare provider.

¶36    AeroMD asserts a violation of the Prompt Pay Statute. The Prompt Pay Statute applies to healthcare providers. AeroMD asserts that it is a healthcare provider because it has a Certificate of Need. AeroMD provides aerial ambulance services when patients need to be transported off-island. AeroMD's registered business name is AAC-Air Ambulance Caribbean, Inc. AeroMD holds a Certificate of Need because it incurs expenditures on behalf of health facilities or health services,

---

[48] Pl.'s Compl. 26.

[49] Pl.'s Compl. 28.

[50] Pl.'s Compl. 34.

namely payments for transporting medical patients off the island for treatment.[51] Ambulance and/or air-ambulance providers are not listed in the definition of healthcare providers. Holders of Certificates of Need are not listed in the provision that defines healthcare providers. AeroMD clearly falls under the ambulance services section of the Virgin Islands Insurance Code, Chapter 63. Chapter 63 does not contain a parallel Prompt Pay Statute or any provision that applies 22 V.I.C. § 1725 to any part of 22 V.I.C. §§ 1671-1698. It is not subject to the provisions of Chapter 65 and is exempted from other parts of the Virgin Islands Insurance Code. As a matter of law, the Prompt Pay Statute does not apply to AeroMD. Thus, the Court will dismiss this count.

### E. Count 13 will be dismissed with prejudice as no private right of action exists under 22 V.I.C. § 1201.

¶37    The Court now applies the standard outlined above to assess whether there is a private right of action for violations of 22 V.I.C. § 1201. Section 1201 focuses on the person being regulated, i.e., persons engaged in the business of insurance. It provides that enforcement action is "prosecuted by the Commissioner" and mandates a remedial scheme and penalty, an order from the Commissioner to cease and desist followed by a penalty not to exceed $250 upon non-compliance with the order.[52] Further, the Commissioner is empowered to promulgate regulations, but only after a hearing is conducted.[53] The statute was enacted in 1968 and no legislative history can be located for it or is accessible to the Court. However, from the language and framework, it is clear to the Court that the Legislature did not intend for a private right of action and for enforcement to reside solely with the Commissioner.

¶38    In the case cited by the parties, *Ainger*, the Court found that the statute established that the insurer had a fiduciary duty to not engage in unfair practices or acts and the insurer could be held liable under the plaintiff's negligence claim.[54] AeroMD has asserted breach of fiduciary duty in a separate count. As in *Ainger*, 22 V.I.C. § 1201 can be used to show that Cigna owed it a fiduciary duty to not engage in unfair business practices under a breach of fiduciary duty or negligence claim, but here AeroMD requests additionally that the Court declare that Cigna violated 22 V.I.C. § 1201 and that the Court issue an injunction that it cease conduct in violation of 22 V.I.C. § 1201.[55] In light of the above analysis, it appears to the Court that enforcement of the Unfair Practices and Frauds Act lies with the Commissioner, not private plaintiffs and the Court, and the Legislature did not intend for the Court to fashion other remedies. As the Court finds no basis in law for this claim, it will be dismissed.

---

[51] 19 V.I.C. § 223 ("No person, organization . . . shall . . . incur capital expenditure on behalf of a health facility or health service . . . in the Virgin Islands without a certificate of need as provided in this chapter.").

[52] 22 V.I.C. § 1201(d).

[53] 22 V.I.C. § 1201(b).

[54] *Ainger*, 2021 VI Super 47, ¶ 28 ("The Court finds this appropriate because upon consideration of the testimony and evidence that was presented and the theory of negligence alleged in the Complaint, FirstBank had a duty to refrain from unfair practices under 22 V.I.C. § 1201(a).").

[55] Pl.'s Compl. 36 ("Accordingly, AeroMD is entitled to a declaration that Defendants' conduct is so violative, and an injunction prohibiting such further conduct in violation of the Unfair Practices and Frauds Act.").

*AAC-Air Ambulance Caribbean, Inc. d/b/a AEROMD v. Cigna et al*
**Case No. ST-2023-CV-00267**
**Memorandum Opinion and Order**
**Page 14 of 14**

2024 VI Super 41U

### F.  A more definite statement is not necessary from AeroMD.

¶39    Cigna's requests for more definite statements are more properly discovery items—the specific allegedly underpaid claims, bills, and contracts which are at issue in the case. They are not required under the notice-pleading standard to be supplied with the Complaint. As such, this part of Cigna's motion will be denied.

## IV.    CONCLUSION

¶40    AeroMD is an air ambulance company that flies patients off-island to receive medical treatment. AeroMD has alleged that the Defendants have interfered with their selection as a chosen air ambulance service and systematically underpay them for billed services. Cigna has moved to dismiss the case or, alternatively, for a more definite statement from AeroMD regarding some counts. AeroMD's tort claims are not time-barred, and it has satisfactorily pleaded its claims in its Complaint. However, because as a matter of law AeroMD cannot pursue a claim under the Prompt Pay Statute or under the Unfair Practices and Frauds Act, those counts will be dismissed with prejudice.

¶41    Accordingly, it is hereby

**ORDERED** that Defendant Cigna Health And Life Insurance Company's Motion To Dismiss and accompanying Memorandum In Support Of Motion To Dismiss, filed January 29, 2024 is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Count Ten and Count Thirteen of Plaintiff's Verified Complaint are **DISMISSED with prejudice**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

**DATED:** October **17**, 2024

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor: __10__/ __18__ /__2024__